[Civ. No. 1779. Third Appellate District.—January 31, 1918.]

## RENNIE C. BROWN, Administratrix, etc., Appellant, v. LEMON COVE DITCH COMPANY (a Corporation), Respondent.

NEGLIGENCE—DEATH OF CARETAKER OF FLUME—DEFECTIVE WALK-WAY—
DUTY TO REPAIR.—A ditch company cannot be held liable for the
death of the caretaker of its flume in falling therefrom while
attempting to walk along the same, where the deceased had charge
of the flume and it was a part of his duty to keep it in repair,
he having authority to obtain necessary tools and materials.

ID.—ATTEMPT TO WALK ALONG FLUME—CONTRIBUTORY NEGLIGENCE.—
A caretaker of a flume for a ditch company in attempting to walk
along the flume, which was thirty inches wide, seventeen or eighteen
inches deep, with cross-pieces or taps across it about three feet apart
made out of boards two inches thick by four inches wide, and eleven
feet above the ground, and which had no board extending along its
length and over the cross-pieces, was guilty of negligence prevent-
ing recovery of damages for his death.

ID.—PRESENCE OF BOARD ON TOP OF FLUME—EVIDENCE—OPINION OF
WITNESS.—In an action against a ditch company for the death of
the caretaker of its flume, where the theory upon which the case
was tried required of the jury to find as a material fact whether a
board was on top of the flume just prior to the accident, to permit
a witness to state that it looked to him that it was so situated was
equivalent to a ruling that he might declare that it appeared to him
that the ditch company was not negligent, and such opinion of the
witness was inadmissible.

ID.—CONDITION OF FLUME AT OTHER POINTS—EVIDENCE PROPERLY EX-
CLUDED.—In an action against a ditch company for the death of the
caretaker of its flume, testimony as to the condition of the flume at
other points than the one where the deceased fell, was properly
excluded as immaterial, it being apparent that the absence of
boards at other points did not contribute to the fall and death of
deceased.

ID.—TRIAL—VIEW OF PREMISES—DISCRETION.—In an action for dam-
ages for death, the request to have the jury visit the scene of the
accident is committed to the discretion of the court.

ID.—COMPARATIVE NEGLIGENCE—EFFECT OF WORKMEN'S COMPENSATION
ACT.—Under the Workmen's Compensation Act of 1913, which re-
pealed the Roseberry Act of 1911, and which does not recognize the
doctrine of comparative negligence, in order to recover from an
employer for death or injuries it is essential that gross negligence
be shown and willful disregard of the life, limb, or bodily safety

of the employee, and the action will be defeated where it is shown that the accident was due to the contributory negligence of the deceased.

APPEAL from a judgment of the Superior Court of Tulare County. J. A. Allen, Judge.

The facts are stated in the opinion of the court.

J. C. Thomas, and Edwards & Smith, for Appellant.

Farnsworth & McClure, for Respondent.

BURNETT, J.—The action was for damages for the death of one Marcellus Brown, alleged to have been caused by the negligence of the defendant. The trial was by a jury, the verdict was in favor of said defendant, and from the judgment entered thereon the appeal has been taken.

The particular ground of complaint is declared in the following allegations: "That the defendant is now, and was at all times herein mentioned, the owner and in possession of certain flume conduit, or structure built of wood, used, owned, and operated by the said defendant for irrigating purposes.

"That on or about the 4th of March, 1914, the deceased Marcellus Brown, while regularly employed by the aforesaid defendant, and while caring for and attending the aforesaid flume of the defendant pursuant to the performance of his duties while in the actual employ of the said defendant, came to his death on the day last aforesaid, by falling from the said flume or conduit, the said fall being the proximate cause of the death of the said deceased.

"That the fall was sustained through and by reason of the negligence of the defendant in failing to make, build, prepare or provide a proper walk, footpath or passage over and upon said flume for the use of the said deceased, and by requiring the said deceased to, and the said deceased did inspect, repair, pass over and traverse the said flume without any walk or passageway safe and suitable upon which the deceased might or could walk or travel during the performance of his duties as aforesaid.

"That the said deceased . . . had prior to the said accident . . . called the attention of the said defendant to the defective and dangerous walk-way, to wit, two weeks before

said accident causing his death, and the said defendant then and there, upon its attention having been called thereto, and the deceased having pointed out the dangers thereto attached to the said defendant, and the said defendant promised to make and prepare a proper walk-way over and upon the said flume, and the deceased relying upon the said promises of the said defendant continued to, as aforesaid, perform the duties as a servant of the said defendant; that the said defendant though promising to, as aforesaid, utterly failed to make, erect, contrive, or place upon the said flume a proper walk-way by which deceased could pass over.''

Plaintiff seems to have regarded the case as governed by the general law of negligence and it was tried upon that theory. In accordance with this view the verdict of the jury is amply justified upon several grounds. In the first place, there is substantial evidence to support the theory that the ''walk-way'' at the point where the accident occurred was in a proper and safe condition. The testimony to that effect is quoted in the brief of respondent, but we can see no good in reproducing it. Granting that plaintiff introduced some evidence to show that said ''walk-way'' at said point was defective and dangerous, the most that we can say in his favor is that the evidence as to defendant's negligence was substantially conflicting. Again, the showing is strong to the point that the deceased had charge of said flume, that it was a part of his duty to keep it in repair, that he was authorized to obtain whatever tools or material might be required for that purpose, and that he actually did perform such work. The jury could properly accept this as the real situation and, doing so, it would be their duty to find that if any defect existed it was entirely the fault of the deceased and not imputable at all to respondent. The principle of law applicable to such condition is stated and discussed in *Duffy* v. *Hobbs, Walls & Co.*, 166 Cal. 210, [L. R. A. 1916F, 806, 135 Pac. 1093], and *Peterson* v. *Beck*, 27 Cal. App. 571, [150 Pac. 788].

Furthermore, upon the theory which is earnestly contended for by appellant that at the point where deceased fell from the flume there was no board extending along the length of the flume and over the cross-pieces, it probably should be held that he was chargeable with such carelessness and with such recklessness in regard to his own safety as would prevent a recovery under the doctrine of contributory negligence, there

being no claim by appellant that such defense may not be made, as alleged in the answer. To see how unmistakable appears the great carelessness of the deceased, if we accept said theory, we may recall these facts: The flume was thirty inches wide and seventeen or eighteen inches deep with cross-pieces or taps across it about three feet apart made out of boards two inches thick by four inches wide, and at the place where deceased fell the flume was about eleven feet from the ground. According to the testimony for appellant the deceased knew that the way was unsafe and he had complained of it. Nevertheless, he deliberately attempts to make the dangerous passage with the situation aggravated by the circumstance of his age and of his excessive weight. That his adventure under such circumstances manifested in no slight degree the want of ordinary care can hardly be disputed. His conduct would seem to constitute a greater departure from the course of common prudence exacted of every individual than that exposed and discussed in *Brett* v. *S. H. Frank & Co.*, 162 Cal. 735, [124 Pac. 437].

Treating this action, therefore, as subject to the general law of negligence, it is extremely doubtful whether a verdict for the plaintiff would be supported. However, we may waive the question whether the verdict, regardless of any errors that may have been committed, could legally have been rendered for the plaintiff, and proceed to pay some attention to the specifications of the alleged mistakes of the trial court.

The witness, Z. L. Brown, was asked this question: "But at the place where he fell, you do not know whether there was a board or not?" He answered: "I do not know whether he knocked this one off on his fall, that it tilted with him, or it had been off before; but from appearances to me, it looked like that he had partly slipped on and had stepped on the end and it had tilted with him and pitched off with him." Then followed: "Q. You do not know anything about that, you are just guessing at it? The Court: The witness has answered. Mr. Thomas: I move that that part of the answer be stricken out, as not responsive to the question." The motion was denied. It is no doubt true, as stated in *Healy* v. *Visalia etc. R. R. Co.*, 101 Cal. 585, [36 Pac. 125], that "the border line between fact and opinion is often very indistinct, and the statement of a fact is frequently only an opinion of the witness," but the theory upon which the case

was tried required of the jury to find as a material fact in the case whether said board was on top of the flume just prior to the accident, and to permit the witness to state his opinion that it was so situated was equivalent to a ruling that he might declare that it appeared to him that defendant was not negligent in the respect claimed by the plaintiff. It appears to us, without citing the authorities, that the opinion of the witness was not admissible and that portion of his answer might very properly have been stricken out. However, the motion was made simply upon the ground that it was not responsive to the question and appellant did not specify the particular portion that he desired eliminated. Hence, the ruling was technically justifiable.

The second complaint as to the rulings of the court involves the denial of a motion to strike out an answer somewhat of the nature of an opinion, but it was responsive to the question to which no objection was made. The objection was, therefore, too late.

On cross-examination of Z. L. Brown he was asked what the walk-boards were used for, and after answering the question he volunteered a statement as to a conversation which he had with his brother, the deceased. No objection was made to it, but on redirect examination appellant attempted unsuccessfully in face of an objection to have the witness state definitely when this conversation took place. The matter was purely hearsay and not relating to the subject involved in the question of respondent, and the fact that no motion was made to have the answer stricken out did not warrant any further effort to elucidate the incompetent testimony. Besides, the witness had stated when the conversation occurred and its repetition would have accomplished no good.

The plaintiff was asked about a conversation between the deceased and J. E. Pogue, superintendent of respondent, the purpose being to show a promise to furnish running-boards and, an objection being made, after some discussion between counsel, the court said: "It would not be competent until you prove that there were no running-boards at the point where he fell." Complaint is made of this remark as an invasion of the province of the jury in that it amounted to a declaration by the court that no such proof had been offered, whereas it is contended that a witness had already testified to that effect. No doubt the expression was somewhat un-

fortunate, but we think from the context and the language used that the court had in view only the order of proof and that it was so understood by the jury. If appellant believed that the suggestion of the court might be interpreted by the jury as an expression of opinion on the credibility of any witness or the weight of the evidence he should have specifically objected in order that the court might obviate any such result. Moreover, we find in the instructions a clear statement as to the right and duty of the jury to pass upon these considerations, and an unmistakable disclaimer of any right or disposition by the judge to decide or to express any opinion upon any question of fact. Under the circumstance, said remark could have resulted in no harm.

It is contended that the court was in error in refusing to allow a certain witness to testify as to the condition of the flume at other points than the one where the deceased fell, it being declared by the trial judge: "So far as the condition of the flume at other points it is immaterial in this case. No matter what the condition was at other points that would not cause the accident." Generally speaking, no doubt, there must be some causal connection between the accident and the negligence to permit evidence of the latter, and since it is apparent that the absence of boards at other points did not contribute to the fall and death of the deceased, it would seem that the ruling was correct. But assuming that such evidence was admissible to show willful and wanton negligence on the part of respondent, it is sufficient to say that no such issue was tendered by the complaint. Besides, several witnesses testified without objection that boards were missing at other points, it was admitted by some of the witnesses for the defendant, and there was no evidence to the contrary. The ruling then, at any rate, was without prejudice. Indeed, the defense as to the boards was that they were properly supplied at the place of the accident and that the whole matter was under the control and direction of decedent. There are several other similar rulings of which complaint is made, but they do not require special notice.

The court might properly have allowed the witness Pogue to answer the question: "Just or what is the state of your feelings towards Rennie Brown, representative of the estate of this man?" However, it was probably not apparent to the court at the moment that the purpose of appellant was

to show that the witness was not friendly to the plaintiff, and appellant should have stated what he had in view in asking the question. The record shows simply that the witness was recalled for one question, that it was propounded and an objection made upon the general grounds and sustained by the court. Besides, the ruling is not argued, it simply being noted in the brief of appellant, and we may dismiss it without further comment.

We cannot say that there was error in the refusal of the request to have the jury visit the scene of the accident. Under section 610 of the Code of Civil Procedure this is committed to the discretion of the court and we find no abuse of that discretion. Indeed, the practice is a dangerous one, as is well known to the profession, and from an examination of the record herein we are satisfied that nothing would have been gained had the request been granted.

As to the instructions, it is claimed that the two, No. 12 and No. 30, are contradictory and irreconcilable. But appellant is entirely at fault in this contention. The former is based upon the theory that it was the duty of defendant to keep the flume in a safe condition, and the latter that the decedent was charged with that responsibility. There was evidence to support either theory and said instructions announced the principle of law applicable to either situation.

We can see no error in the following instruction: ''If a person's own want of ordinary care is the proximate cause of his injury or death, this is contributory negligence on his part and no damages can be recovered from another person for such injury or death, even though the negligence of such other person may also have been a cause of the injury or death, and therefore if it appears from the evidence in this case that deceased, Marcellus Brown, in walking along said flume negligently and carelessly (from lack of ordinary care) made a misstep and fell, which fall resulted in his death, and that the proximate cause of his death was due to want of ordinary care on his part, then plaintiff cannot recover in this action, and your verdict must be for the defendant.'' The contention of appellant as to this instruction is that it ignores the doctrine of ''comparative negligence'' as provided in what is known as the Roseberry Act of 1911. But that law was repealed by the Workmen's Compensation Act of 1913, and the accident herein occurred after the latter

statute became operative.   The said compensation act does
not recognize the doctrine of "comparative negligence."   In-
deed, that statute provides that the remedy provided therein
shall be the exclusive remedy for the securing of damages
against an employer for the death of or injuries to the em-
ployee, except "that when the injury was caused by the em-
ployer's gross negligence or willful misconduct and such act
or failure to act causing such injury was the personal act or
failure to act on the part of the employer himself, or if the
employer be a partnership on the part of one of the partners,
or if a corporation, on the part of an elective officer or offi-
cers thereof, and such act or failure to act indicated a will-
ful disregard of the life, limb, or bodily safety of employees,
any such injured employee may, at his option, either claim
compensation under this act or maintain an action at law for
damages."   The plaintiff chose the latter alternative and it
is therefore plain that in order to prevail he must have
shown "gross negligence" and "willful disregard of the life,
limb, or bodily safety of the employee" on the part of an
elective officer of the corporation, and we think it equally
plain that his action would be defeated by the fact that the
accident was due to the contributory negligence of the de-
ceased.   It may be added that the instruction is not in con-
flict with the doctrine of comparative negligence, since it
contemplates a condition wherein there could be no slight
negligence on the part of the deceased.

The only objection made to instruction No. 32 is that there
is no evidence in the record that there were boards or a board
on top of the flume at the particular place where Mr. Brown
fell.   Appellant is mistaken in that contention.   It is true
no one could swear positively that such was the case, but it
is a fair inference from the testimony of certain witnesses
that the flume was so supplied at that point, and it could not
be said that there was no support for the hypothesis suggested
by said instruction.

Appellant complains of the action of the court in refusing
certain instructions prepared by him.   The first of these was
properly rejected because it instructed the jury to find for
the plaintiff if they believed the flume was not properly sup-
plied with running-boards by the superintendent of respond-
ent.   It would have nullified the instruction and evidence as

to contributory negligence and the asserted condition that the deceased had complete charge of the flume.

The instruction directing the jury that they could not assume that it was the duty of the deceased to provide the runway simply because he was the foreman might well have been given, but it was sufficiently covered by other instructions, particularly the one defining the duty of the "foreman" and also of the "superintendent."

The instruction proposed reciting the duty of the employer was properly refused because requiring a verdict for the plaintiff regardless of the contributory negligence of decedent. As far as the instruction embodied a correct principle of law it was covered by the charge given by the court.

There was no error in refusing this instruction: "You are instructed that an officer of a corporation has no authority to delegate special powers conferred upon him which involves the exercise of judgment or discretion, unless he is expressly authorized to do so, and the burden of showing such authority is upon the party alleging such delegation." The said principle, although unobjectionable in some cases, has no application here. The deceased, if he agreed to perform said duty, would be estopped from urging his want of authority as an excuse for his failure to attempt at least to comply with his agreement and his administrator would be in no better position. Besides, if the superintendent had no power to delegate such authority the corporation might ratify the act, and it may be further said that the authority in controversy did not involve judgment and discretion, the purchase and placing upon a flume of walking-boards being a very simple matter and not requiring any special skill.

The last refusal complained of does not involve prejudicial error. As to the duty of the superintendent, it is covered by the instructions given, and, like some other instructions proposed, it ignored the doctrine of contributory negligence, and, besides, it directed a verdict for the plaintiff if the jury believed that the defendant was chargeable with the want of ordinary care, whereas, as we have seen, it was necessary to show gross negligence.

Another important point made by respondent is that the complaint fails to show that plaintiff was entitled to any relief in this action. The position is taken in view of the peculiar provision of the Workmen's Compensation Act to

which we have already referred. There is force in the contention, but we need not consider it, as we are satisfied that for the reasons already stated the judgment should be affirmed and it is so ordered.

Chipman, P. J., and Hart, J., concurred.