[Civ. No. 2040.    Third Appellate District.—October 20, 1919.]

## W. F. BURNS, Appellant, v. SOUTHERN PACIFIC COMPANY (a Corporation), et al., Respondents.

[1] NEGLIGENCE—ACTION FOR DAMAGES—AUTOMOBILE COLLISION—LIABILITY OF OWNER—CONTROL OF TRUCK BY THIRD PARTY.—In this action by a father for damages for the death of his son, who was killed in a collision between a truck on which he was riding and a gasoline motor car operated on a railroad track, the court properly granted a nonsuit as to the owner of such truck, both the truck and the chauffeur at the time of the collision having been under the exclusive control and management of another to whom the truck had been hired.

[2] ID.—EXCLUSIVE CONTROL BY CHAUFFEUR — LIABILITY OF FELLOW-EMPLOYEE.—Where such chauffeur had exclusive control and management of the truck at the time of the collision and was acting upon his own initiative with full power to manage the same as to him might seem wise or expedient as the driver of a gasoline engine, the court properly granted a nonsuit as to a fellow-employee who was only accompanying the truck as a passenger, neither exercising control nor giving any direction as to its movements.

[3] ID.—EMPLOYER ENGAGED IN FARMING AND FRUIT-RAISING—WORKMEN'S COMPENSATION ACT OF 1913 NOT APPLICABLE.—A cause of action against an employer engaged in farming and fruit-raising for the death of an employee through the negligence of a fellow-employee is specially exempted from the Workmen's Compensation Act of 1913 and the subsequent amendments thereto.

---

1. Liability of owner when car is being used by borrower or hirer, note, 33 L. R. A. (N. S.) 81.

3. Application of Workmen's Compensation Act to employees engaged in farming, note, 7 A. L. R. 1296.

[4] Id.—Roseberry Act not Repealed.—The provisions of the Roseberry Act, so far as they relate to compensation for injuries occurring to persons engaged in farm, dairy, agricultural, viticultural or horticultural labor, were not repealed by the Workmen's Compensation Act of 1913.

APPEAL from a judgment of the Superior Court of Sutter County. John F. Ellison, Judge Presiding. Reversed in part; affirmed in part.

The facts are stated in the opinion of the court.

L. T. Hatfield, Martin I. Welsh and W. H. Hatfield for Appellant.

A. H. Hewitt and W. H. Carlin for Respondents.

PLUMMER, P. J., *pro tem.*—On and prior to the twenty-seventh day of June, 1917, Emmans Franklin Burns, a son of the plaintiff, was in the employ of the defendant Jackson, picking fruit on his ranch in Sutter County. Defendant McRoberts was acting as superintendent for defendant Jackson in the management of the farm and orchard on which plaintiff's son was working. The defendant Prinderville was a chauffeur engaged in the driving of a truck belonging to the defendant Diggs, and was in the general employ of said defendant, but at the time in question both chauffeur and truck had been hired by defendant Diggs to defendant Jackson, and were under the exclusive control and direction of the latter.

In the afternoon of the day above mentioned, the defendant Prinderville was directed to take a load of apricots to a station named Oswald, on the line of the Southern Pacific railway, and Emmans Burns, a son of the plaintiff, as aforesaid, was directed to accompany the defendant Prinderville and assist in unloading the apricots and in loading empty boxes on the truck, to be brought back on the return trip. The defendant McRoberts accompanied the truck to Oswald station, but does not appear to have had or exercised any control or direction over the chauffeur, defendant Prinderville. The trip to Oswald station was made safely, the apricots unloaded, and the truck reloaded with empty fruit-boxes and started back toward the orchard. On the return trip the defendant Prinderville had charge of the

truck as its driver, the defendant McRoberts sat upon the same seat and to the right of the chauffeur, and Emmans Burns occupied a position on top of the boxes about three feet above the seat where the other two persons were sitting. In what direction Emmans Burns was facing, the evidence does not disclose. As the truck was proceeding in an easterly direction, and at a time when it was crossing the railroad tracks belonging to defendant Southern Pacific Company, a collision occurred between the truck and a gasoline motor car then being operated on the tracks of the defendant company. In this collision Emmans Franklin Burns was killed, and the plaintiff prosecutes this action against all of the defendants above named to recover for the loss of his son so incurred.

At the conclusion of the plaintiff's testimony the court granted a nonsuit as to the defendants Jackson, Diggs, and McRoberts. As to the other defendants, the cause proceeded to verdict and judgment, and plaintiff prevailed as against the defendant Prinderville.

From the judgment of the trial court granting a nonsuit as to the defendants Jackson, Diggs, and McRoberts, the plaintiff urges this appeal.

[1] The fact that Diggs was the owner of the truck, and that the defendant Prinderville was in his general employ as a chauffeur, appears to be the only cause for having joined him in this action, but, as the testimony shows without contradiction that at the time of the collision referred to both truck and chauffeur were under the control and management of the defendant Jackson, the correctness of the ruling of the court as to the defendant Diggs requires no further mention.

[2] It also appears from the testimony that the chauffeur had exclusive control and management of the truck at the time of the collision, was acting upon his own initiative, with full power to manage the same as to him might seem wise or expedient as the driver of a gasoline engine, and that McRoberts was only accompanying the truck as a passenger, neither exercising control nor giving any direction as to its movements. The correctness of the ruling of the court, in so far as it relates to the defendant McRoberts, would appear to be fully established.

While several questions have been discussed in the briefs submitted by counsel, the correctness of the ruling of the court as to the defendant Jackson depends upon one question, to wit: Has or has not the act of the legislature approved April 8, 1911, commonly known as the Roseberry Act, been repealed in so far as it relates to the cause of action set forth in plaintiff's complaint?

The judgment of nonsuit in favor of the defendant Jackson was entered on the theory that section 1970 of the Civil Code applies to and exclusively controls the determination of the issues tendered in this cause, and that the Roseberry Act has been entirely repealed. Two cases decided by this court are cited as authority, as follows: *Brown* v. *Lemon Cove Ditch Co.,* 36 Cal. App. 94, [171 Pac. 705], and *Reynolds* v. *E. Clemens Horst Co.,* 35 Cal. App. 711, [170 Pac. 1082].

In deciding the Brown case, the court apparently sustains the contention of respondents, in using the following language: The contention of appellant is that it ignores the doctrine of comparative negligence, as provided in what is known as the Roseberry Act of 1911; but that law was repealed by the Workmen's Compensation Act of 1913, page 279, and the accident herein occurred after the latter statute became operative.

In that action, as further appears, the plaintiff relied upon the gross negligence of the defendant. Upon this issue the verdict of the jury was against him, and the judgment was upheld on appeal.

An examination of the facts of that case will show that the language of the court in its application thereto, and in its holding that the Roseberry Act was repealed, was correct in so far as it applied to the issues then being determined.

In the Reynolds case, *supra,* the court does not hold that the Roseberry Act is repealed, it being merely stated that "the point is made that the Roseberry Act and section 1970 of the Civil Code were repealed by the Workmen's Compensation Act of 1913, which went into effect before the commencement of this action. There is no question, though, that the accident happened before said act of 1913 became operative, and without following the argument of appellant in detail, we deem it apparent that section 91 of the act— 'the compensation provisions of this act shall not apply

to any injury sustained prior to the taking effect thereof'—
constitutes a saving clause and continued in force, as far as
this case is concerned, the said Roseberry law and said sec-
tion of the code.''

The facts of the Brown case and of the case now at bar
are clearly distinguishable. One falls within, the other
is excluded from, the act of 1913. Here, the question is
the applicability of specification number 2 of section 1 of
the Roseberry Act, which reads: ''It shall not be a defense
that the injury or death was caused, in whole or in part,
by the want of ordinary or reasonable care of a fellow-
servant.'' The actual repeal or nonrepeal of the Roseberry
Act, or any part thereof, was not really involved in the
decision of the Brown case. The saving clause, found in
section 91, and upon which the decision was based, elimi-
nated such question.

[3] The cause at bar is one specially exempted from the
Compensation Act approved May 29, 1913, and the subse-
quent amendments thereto.

[4] It must be borne in mind that the act of April 8,
1911, provided two methods for making compensation for
injuries occurring to employees. One set forth in section 1
of the act; a second under the subsequent provisions thereof,
which became the foundation of and since incorporated into
the Workmen's Compensation Act. Section 12 of this act
sets forth the circumstances and conditions under which it
is applicable and to which its terms apply. Then, in sub-
division (c) of the same section, it is specifically provided
that ''in all other cases where the conditions of compensa-
tion do not concur, the liability of the employer shall be
the same as if this act had not been passed.'' Following
this, section 14 expressly excludes all persons engaged in
farm, dairy, agricultural, viticultural, or horticultural labor,
etc. After setting forth the manner and procedure for
applying the provisions of said Compensation Act, section
90 is inserted, which reads as follows: ''All acts or parts of
acts inconsistent with this act are hereby repealed.'' There
is no mistaking the language of this section. It relates only
to acts, and parts of acts, inconsistent with the provisions
of the workmen's compensation law, and extends no further.
It does not repeal, modify, or change any act, or part of act,
of the legislature which is outside of and excluded from

the terms and provisions of the workmen's compensation law.

By direct language the parties in the cause at bar, and all the law relating to them, are excluded from the act of May 26, 1913. The amendment to section 14, by act approved May 27, 1915, does not change the law in so far as it relates to farmers, horticulturists, etc.

In the case of *Hackleberry* v. *Sherlock Land & Cattle Co.*, 39 Cal. App. 764, [180 Pac. 37], this court draws the distinction which is here being made, and held that the Employers' Liability Act of 1911 was not repealed by the act of 1913, save and except in so far as an inconsistency existed between the two acts; and further held that the act of 1911 was in full force and effect in so far as the Hackleberry case was concerned. In that case, as in this case, the conditions of compensation referred to in the act of 1913 and the amendatory act of 1915 (page 1079) do not concur or affect the plaintiff or any of the defendants. Hence it follows that the liability shall be the same as if the act of 1913 had not been passed. This court also there held that the Roseberry Act lays down rules of substantive law governing the classes of employees excluded by the express terms of the Employers' Liability Act of 1913.

From what appears from the foregoing examination of the Roseberry Act and the act of 1913, we conclude that the former has not been repealed in its provisions so far as they relate to the cause at bar. Without setting forth the evidence in detail, it is only necessary to say there was sufficient evidence to take the case to the jury as to the defendant Prinderville being an employee of the defendant Jackson, and also as to the negligence of the defendant Prinderville in his operation and management of the auto-truck at the time of the collision.

For the reasons herein given, the judgment of nonsuit in favor of the defendants Diggs and McRoberts is hereby affirmed, and the judgment of nonsuit in favor of the defendant Jackson reversed, and the cause remanded for a new trial as to the defendant Jackson.

Hart, J., and Burnett, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 18, 1919.

All the Justices concurred, except Melvin, J., who was absent.