[Civ. No. 7592. First Appellate District, Division One.—November 27, 1931.]

DELIA COUNIHAN, Appellant, v. LUFSTUFKA BROS. & COMPANY (a Copartnership) et al., Respondents.

Ford & Johnson, Jesse E. Nichols and Paul D. Morse for Appellant.

Peter tum Suden, Richard tum Suden and Philip M. Carey for Respondents.

KNIGHT, J.—While attempting to cross a street in Oakland plaintiff was struck and injured by an automobile driven by the defendant Beran; and she brought this action for damages against him and his co-defendant Lufstufka Bros. & Company (a copartnership) claiming that the accident was caused by the negligent operation of the automobile and that said copartnership was liable therefor under the doctrine of *respondeat superior*. A motion for nonsuit was granted as to the copartnership, and from the judgment entered thereon plaintiff prosecutes this appeal. The question presented for determination is, therefore, whether there was any evidence adduced at the trial legally sufficient to

support the conclusion that the relationship of master and servant existed between said firm and Beran at the time the accident happened.

The authorities hold that the real test to be used in determining the question of such relationship is to ascertain whether the person claimed to be the servant was subject to the control of the party sought to be charged as master as to the mode and manner in which the work was to be done (*Royal Indemnity Co.* v. *Industrial Acc. Com.*, 104 Cal. App. 290 [285 Pac. 912, 913]; *May* v. *Farrell*, 94 Cal. App. 703 [271 Pac. 789]; *Barton* v. *Studebaker Corp. of America*, 46 Cal. App. 707 [189 Pac. 1025]; *Slyter* v. *Clinton Const. Co.*, 107 Cal. App. 348 [290 Pac. 643]); and after reviewing the evidence in the present case we are satisfied that the trial court was correct in holding that it was legally insufficient to establish such element.

The main facts appearing from the evidence are as follows: The firm was engaged in the business of manufacturing and selling suitcases and traveling bags. Beran was a traveling salesman working on a commission basis, and selling by samples. The firm supplied him with the samples, and also furnished him with order blanks, business cards, and a price list specifying the terms, conditions, and trade discounts subject to which the orders for goods were taken. Credit was extended only on approval of said firm. Settlements for commissions due Beran were made at irregular intervals, whenever it was convenient; and occasionally he drew money in advance. At the time the accident happened he was on his way to visit a prospective buyer of goods. The evidence further shows, however, without dispute that in traveling in pursuit of his business Beran used his own automobile, which was operated entirely at his own expense; and that neither as to his time, the use of his automobile, nor the manner in which he obtained customers and trade, was he subject to the control or direction of said firm. He was free to employ whatever business methods he chose to secure orders for goods, he was not restricted as to business territory, and he was at liberty to come and go and do as he pleased. It would appear that the foregoing facts relating to the relationship of the parties are analogous to those involved in the case of *Barton* v. *Studebaker Corp. of America, supra*, wherein it was held, after a discussion of

numerous cases, that the relationship of master and servant did not exist; and we are of the opinion, therefore, that the decision therein is controlling here.

■ True, the evidence shows that said firm was financially benefited by the result of Beran's services, and it also shows that whenever the members of the firm learned of a prospective customer they requested Beran to call on him; but these facts alone do not bring the case within the relationship mentioned, because as frequently stated in the decisions: " 'It is well settled that where one person is performing work in which another is beneficially interested, the latter may exercise over the former a certain measure of control for a definite and restricted purpose without incurring the responsibilities, or acquiring the immunities, of a master, with respect to the person controlled.' (*Western Indemnity Co.* v. *Pillsbury,* 172 Cal. 807, 811 [159 Pac. 721, 723].) The decisive test of the relationship is: Who has the right to direct what shall be done, and when and how it shall be done? Who has the right to general control? (*Lassen* v. *Stamford Transit Co.,* 102 Conn. 76 [128 Atl. 117, 118]; see, also, *Fidelity & Casualty Co.* v. *Industrial Acc. Com.,* 191 Cal. 404, 407 [43 A. L. R. 1304, 216 Pac. 578].) In other words, the test of what constitutes independent service lies in the control exercised. The test of control means complete control, and we must carefully distinguish between authoritative control and mere suggestion as to detail. (*Western Indemnity Co.* v. *Pillsbury, supra.*)" (*Royal Indemnity Co.* v. *Industrial Acc. Com., supra; Moody* v. *Industrial Acc. Com.,* 204 Cal. 668 [60 A. L. R. 299, 269 Pac. 542].)

Nor does the fact that Beran's services were terminable at the will of either the firm or Beran alter the situation, for as said in the decision last quoted from: "While the right to discharge a person at any time, without recourse, has been held to be a strong circumstance tending to show the subserviency of the employee (*Press Pub. Co.* v. *Industrial Acc. Com.,* 190 Cal. 114 [210 Pac. 820]), it is of less significance in a case of this sort, where it fits in equally with the theory of an independent association. In this regard, both parties testified that the right to terminate their arrangement was a mutual one." In support of her contention that the doctrine of *respondeat superior* does

apply, plaintiff cites a number of cases, notably *Brown* v. *Industrial Accident Com.*, 174 Cal. 457 [163 Pac. 664], and *Dillon* v. *Prudential Ins. Co. of America*, 75 Cal. App. 266 [242 Pac. 736]. But in all of them it will be found that there was some evidence tending to prove the right of control, and in the present case, as stated, such evidence is lacking.

Plaintiff also stresses the fact that the firm furnished Beran with two types of business cards, setting forth its name, address and character of business, one type displaying the words "Presented by W. Beran", and the other the words "W. Beran, Sales Manager"; and in this regard she contends that the firm is liable under the doctrine of ostensible agency, citing the case of *Donnelly* v. *San Francisco Bridge Co.*, 117 Cal. 417 [49 Pac. 559]. This same point was urged in *Barton* v. *Studebaker Corp. of America*, *supra*, wherein the case cited by plaintiff is fully discussed, and the court disposed of the point adversely to plaintiff's contention. Therefore, in conformity therewith and for the reasons stated therein we hold the contention to be without merit.

The judgment is affirmed.

Tyler, P. J., and Cashin, J., concurred.