[Civ. No. 8168. First Appellate District, Division One.—November 30, 1932.]

M. J. GLEASON, Appellant, v. FIRE PROTECTION ENGINEERING CO. et al., Respondents.

Sterling Carr and Francis P. Walsh for Appellant.

Hadsell, Sweet & Ingalls for Respondents.

THE COURT.—A general demurrer filed by respondents to appellant's second amended complaint was sustained, following which a judgment of dismissal was entered.

According to the complaint, respondent Clifford was doing business under the name of Fire Protection Engineering Co. The Townsend Co., a corporation, which was joined as a defendant, was the owner of a certain building in San Francisco which was leased to Baker, Hamilton and Pacific Co., a corporation. Plaintiff was an employee of the company last named. For some time prior to September 28, 1929, respondents were engaged in repairing a fire protection system in the building, and had constructed on the roof two water-tanks. Immediately west of the tanks was a glass skylight which had been constructed and was maintained and controlled by the Townsend Co. It was alleged that on the above date respondents negligently permitted one of the tanks to overflow, with the result that the water ran through a broken pane of glass in the skylight and damaged certain goods stored below which were owned by plaintiff's employer; that on the same date plaintiff was directed by his employer to go upon the roof and take measures to prevent

a further flow of water into the building; that the overflow had caused the roof adjoining the skylight to become wet and slippery, owing to which the plaintiff, while endeavoring to cover the hole, slipped and fell through the skylight and was injured. It was further alleged that an ordinance of the city and county of San Francisco then in force and effect required skylights such as this to be inclosed with a substantial railing at least three feet high and protected by wire screens; also to be glazed with wire glass not less than one-quarter inch thick, none of which requirements had been met in this instance.

It may be stated at the outset that none of the facts alleged made it the duty of respondents to place or maintain the skylight in the condition prescribed by the ordinance. Appellant claims, however, that the allegations of the complaint sufficiently show that respondents were negligent and that such negligence was a proximate cause of his injuries.

To constitute actionable negligence it must appear that the defendant owed plaintiff the duty to protect him from injury (*Means* v. *Southern Cal. Ry. Co.*, 144 Cal. 473 [77 Pac. 1001, 1 Ann. Cas. 206]), and that the act or omission complained of was such that a reasonably prudent person would have foreseen that it would probably cause injury (*Katz* v. *Helbing*, 205 Cal. 629 [271 Pac. 1062, 62 A. L. R. 825]). Assuming that the complaint states a cause of action within the above rule, still if it appears that an act or omission on the part of plaintiff amounting to a want of ordinary care was a proximate contributing cause of his injury (Civ. Code, sec. 1714; 19 Cal. Jur., Negligence, sec. 74, p. 644; *Steinberger* v. *California Elec. etc. Co.*, 176 Cal. 386 [168 Pac. 570]), he cannot recover. While this *is* ordinarily a *matter of* defense, which must be established by a preponderance of evidence (*Gett* v. *Pacific Gas & Elec. Co.*, 192 Cal. 621 [221 Pac. 376]), still, a defendant is relieved of the burden if the complaint or the evidence introduced in support thereof shows that the plaintiff was guilty of contributory negligence, which proximately contributed to his injury (19 Cal. Jur., Negligence, sec. 119, p. 699; *Nehrbas* v. *Central Pac. R. R. Co.*, 62 Cal. 320; *Kauffman* v. *Machin Shirt Co.*, 167 Cal. 506 [140 Pac. 15]; *Young* v. *Southern Pac. Co.*, 182 Cal. 369 [190 Pac. 36]); and if it clearly appears from the undisputed facts judged in the

light of common knowledge and experience that a plaintiff has not exercised such care as men of common prudence usually exercise in situations of like danger, the question is one of law to be decided by the court (*Nehrbas* v. *Central Pac. R. R. Co., supra; Kenna* v. *Central Pac. R. R. Co.,* 101 Cal. 26 [35 Pac. 332]; *Schurman* v. *Los Angeles Creamery Co.,* 81 Cal. App. 758 [254 Pac. 681]).

■ One who is employed in a place where he is exposed to danger must exercise his faculties for his own protection; and if he approaches a place which he knows or ought to know is one of danger he must take reasonable precautions to avoid being injured (19 Cal. Jur., Negligence, sec. 32, p. 592, and cases cited; *Brett* v. *S. H. Frank & Co.,* 153 Cal. 267 [94 Pac. 1051]; *Brown* v. *Lemon Cove Ditch Co.,* 36 Cal. App. 94 [171 Pac. 705]; *Jackson* v. *Leonardt & Peck,* 57 Cal. App. 512 [207 Pac. 500]). ■ Here, according to the complaint, the roof was wet and slippery, due to which plaintiff fell. He was sent there for the express purpose of stopping the flow of water through the skylight, and the wet condition of the roof was, of course, obvious. As a matter of common experience he must have known that this condition would probably render the surface slippery and a source of danger (*Peterson* v. *American Ice Co.,* 83 N. J. L. 579 [83 Atl. 872, 47 L. R. A. (N. S.) 144]). While the degree of care required remains constant the acts necessary to constitute such care may vary according to circumstances (*Henderson* v. *Los Angeles Traction Co.,* 150 Cal. 689 [89 Pac. 976]), and a reasonably prudent man under the circumstances alleged would have foreseen the possibility of injury from the condition described and used care in proportion to the danger. By the use of such care, namely, ordinary care, any injury to appellant due to the slippery condition of the roof could have been avoided.

■ Appellant cites numerous decisions that a servant, in obeying his master's orders, cannot be guilty of contributory negligence as a matter of law. However this may be, the present action is not against plaintiff's employer, and the cases referred to have no application. The facts alleged bring the case as against respondents within the rule stated, and their demurrer was properly sustained.

No point is made of the fact that the demurrer was sustained without leave to amend, as no application for permis-

sion to amend was made (*Haddad* v. *McDowell,* 213 Cal. 690 [3 Pac. (2d) 550]).

The judgment is affirmed.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 26, 1933.