[Civ. No. 9743. First Appellate District, Division Two.—March 25, 1935.]

MODEST PONSETTI et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION and A. R. RENTE, Respondents.

George Gelder for Petitioners.

Everett A. Corten, Emmet J. Seawell and Emery D. Harnden for Respondents.

NOURSE, P. J.—The individual petitioners operated a bakery under the partnership name. They engaged one Rente to repair a dough mixer used in the course of their business. Rente repaired the dough mixer and then, of his own accord, attempted to grease the gears. These gears were of a kind that did not require greasing and petitioners gave Rente no instructions or suggestions to work upon them. While engaged in working on the gears Rente incurred injuries for which the respondents found petitioners liable to pay compensation. In their petition for a review of this award the petitioners rely mainly on the point that Rente was not an employee.

Their contention must be sustained. ▇ Rente was an itinerant, but expert machinist, who furnished all his own tools, kept his own time, and charged petitioners for his time and the materials which he furnished and used in the work. This was his business or occupation. He had been engaged by others to repair machinery and had previously been called in by petitioners for similar jobs. He was not paid as a workman but always rendered a bill in which he listed the hours of service and the cost of materials furnished. The petitioners did not at any time exercise or reserve the right to exercise any shadow of control over his work. They were all bakers who knew nothing about the

repair of such machines and could not have controlled Rente's operations if they had had the right to do so. It was no doubt because of their want of knowledge and experience in mechanical repairs that they called in an expert machinist, just as one would summon a plumber, an auto mechanic, or an electrician to repair machinery upon his own time and in the exercise of his own knowledge and skill.

Here the contract was made for a specific result with one who followed an independent employment or occupation of a highly technical character. He comes under the express definition of an independent contractor found in section 8a of the Workmen's Compensation Act as interpreted in *Moody* v. *Industrial Acc. Com.*, 204 Cal. 668, 672 [269 Pac. 42, 60 A. L. R. 299]; *Fidelity & Casualty Co.* v. *Industrial Acc. Com.*, 191 Cal. 404, 407 [216 Pac. 578, 43 A. L. R. 1304]; *Becker* v. *Industrial Acc. Com.*, 212 Cal. 526, 531 [298 Pac. 979]; *Counihan* v. *Lufstufka Bros. & Co.*, 118 Cal. App. 602, 605 [5 Pac. (2d) 694]; *Lillibridge* v. *Industrial Acc. Com.*, 4 Cal. App. (2d) 237 [40 Pac. (2d) 856]. Under the admitted facts of the case it follows that respondents were without jurisdiction to make the award complained of.

The award is annulled.

Sturtevant, J., and Spence, J., concurred.

An application by petitioners to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 24, 1935.