[Civ. No. 12088.  Second Appellate District, Division One.—November 15, 1940.]

WESLEY P. SCOTT, Appellant, v. GEORGE A. FULLER COMPANY (a Corporation) et al., Respondents.

Fred C. Fenton for Appellant.

Jennings & Belcher and Frank B. Belcher for Respondents.

DORAN, J.—This is an appeal from a judgment in favor of defendants and against the plaintiff rendered after the granting of a motion for judgment notwithstanding the verdict of the jury in an action for damages for personal injuries. ▪ Appellant also attempts to appeal from the order granting the motion for judgment notwithstanding the verdict. There is no appeal from such an order.

At the time appellant suffered the injuries for which he sought damages against respondents, he was at work painting structural steel in the new post office building, then under construction, in Los Angeles, California; and was so employed by the Industrial Maintenance Engineering Company, a subcontractor. Respondent George A. Fuller Company was the general contractor for the construction of said building, and respondent Deatherage was a carpenter foreman employed on the job by said general contractor. Appellant sustained the injuries complained of when he fell from a horizontal beam or joist set up by the general contractor as part of a form for the purpose of pouring concrete. There is no direct evidence as to the exact cause of his fall, but it may reasonably be inferred that the joist gave way under him.

There is no material conflict in the evidence. Appellant at the time of the accident was engaged in painting an angle iron or brace running diagonally across an open rectangle or "bay" formed by structural steel "I" beams, and was using the joist in question in lieu of scaffolding. The joist was one of a parallel series extending across the "bay" and appellant was moving from joist to joist as his painting progressed. None of the joists were securely fastened, and the form of which they were intended to be a part was unfinished at the time appellant ventured out upon them. Appellant was sitting upon the joists while painting.

Appellant was engaged in painting all structural steel in the building which was not to be encased in concrete. This appears to be the usual procedure in construction work of this nature. It does not appear, however, that there was any necessity for appellant to have painted the brace above referred to at the time he did, nor does it appear that there was any absolute necessity for him to rely on the concrete forms as scaffolding.

The joists were not put up for the purpose for which appellant was using them. There was no connection between the building of the forms for the concrete and the duties of appellant in the employ of the subcontractor. There is some evidence to the effect that after the form was completed appellant would not be able to paint the brace in question. It does not appear, however, that the brace could not have been painted at an earlier time through some other method.

While appellant had not been warned to keep off the particular joists where he suffered his accident, he had been warned previously by respondent Deatherage to keep off other such joists until they were set. At the time of the accident the joists from which appellant fell had not been set.

It does not appear that appellant was given any express permission by the general contractor or its agents to use the said forms as scaffolding, nor does it appear that the manner in which the forms were constructed rendered them unsafe for the purpose for which they were intended.

The record fails to reveal any facts from which it might be concluded that there was any duty on the part of the general contractor to furnish scaffolding for use in appellant's work.

It cannot be reasonably inferred from the evidence that appellant understood that the forms set up for the pouring of concrete were also set up for his use as scaffolding. The only logical inference that can be drawn from the evidence is that appellant was using the forms for scaffolding because the general contractor was erecting them at the time when appellant was engaged in painting the structural steel. Nor is there anything in the record to show that respondents should not have been erecting their concrete forms at the time they were being erected.

The most favorable inferences which may be drawn from the evidence lead to the conclusion that appellant was a mere licensee with respect to the use of the concrete forms as scaffolds. The record negatives any inference from which it could be concluded that appellant was invited to use the forms for this purpose. Moreover, it does not appear that respondents were at all careless in failing to have completed the form in question before the time when appellant ventured out upon it, or in having at least firmly set the joists before that time.

Appellant contends that the court erred in refusing to instruct the jury regarding the rule of *res ipsa loquitur*. Such a rule could have no application to the instant case. Far from being an accident which in the ordinary course of things does not happen, appellant's mishap is one that frequently occurs where a person fails to take ordinary precaution for his own safety. The mere happening of the accident under the circumstances here shown could not possibly establish a *prima facie* case, when it appears that the instrumentality was being used by appellant for a purpose other than that for which it was intended.

"To justify the invocation of the rule, the instrumentality which caused the injury must have been under the exclusive management of the defendant, and it does not apply where the cause of the accident is unexplained and might have been due to one of several causes, for some of which the defendant is not responsible. (*Davidson* v. *American Liquid Gas Corp.*, 32 Cal. App. (2d) 382, 387 [89 Pac. (2d) 1103], citing *Biddlecomb* v. *Haydon*, 4 Cal. App. (2d) 361 [40 Pac. (2d) 873].) And in a case where the injuries complained of resulted from an iron trap door having fallen upon plaintiff's hand, and the door fell because the protecting iron bar had not been attached, and the parties conceded that the bar was not attached at the time of the accident and that its absence was the proximate cause of the injuries, it was held under such circumstances that plaintiff's knowledge of the cause of the accident was equal, if not superior, to that of the defendants and there was no room for the application of the rule of *res ipsa loquitur*. (*Alexander* v. *Wong Yick*, 25 Cal. App. (2d) 265, 269 [77 Pac. (2d) 476].)

Moreover, the jury having found in favor of appellant, appellant has no cause to complain of the refusal to give any instruction. Obviously such failure did not prejudice his case. Appellant is apparently under the impression that had such an instruction been given there would then have been some evidence of negligence before the jury, and argues to this effect. Evidence is not created or manufactured through the application of the rule of *res ipsa loquitur*. Whether the instruction was given or not the amount of evidence before the jury would be the same. The rule is applied merely for the purpose of deciding how much evidence is necessary to establish a *prima facie* case.

There can be no question of a latent defect in the form, as contended by appellant. The form was not finished and, as pointed out above, appellant must have known that it was not intended for use as a scaffold. Under the circumstances, it was clearly incumbent upon appellant to ascertain that the form was sufficiently completed and sufficiently safe before he undertook to use it as a scaffold.

If as it appears, it was not possible for appellant to paint the said brace from the concrete form when completed, it was incumbent upon appellant's employer to provide some other reasonably safe means for appellant to do his work, and at another more appropriate time custom or policy to the contrary notwithstanding. (See sections 6401, 6402, 6403 of the Labor Code.)

Even assuming that respondents knew or should have known that appellant would use the form in question as a scaffold, that did not excuse appellant's proceeding to venture out on the joists at the time he did, nor did it place upon respondents the burden of constructing their forms so as to serve both the purpose of scaffolding and that of forms for concrete, in the absence of any agreement to that effect between the general contractor and appellant's employer, the subcontractor. The record reveals no such agreement.

It does not appear that the respondent general contractor or its agents had direction, management; control or custody of appellant or his employment. If there was any breach of a duty toward appellant it was on the part of appellant's employer, the subcontractor, in failing to furnish appellant with all appliances and equipment essential to safe working conditions.

The record is devoid of any evidence from which the jury could reasonably find negligence on the part of respondents. On the other hand, the evidence shows conclusively that appellant was guilty of negligence in venturing out upon the joists at the time he did. (*Brown* v. *Board of Trustees,* 41 Cal. App. 100 [182 Pac. 316]; *Gleason* v. *Fire Protection Engineering Co.,* 127 Cal. App. 754, 757 [16 Pac. (2d) 750]; *Bruce* v. *Risley,* 15 Cal. App. (2d) 659, 664 [59 Pac. (2d) 847]; *Slyter* v. *Clinton Construction Co.,* 107 Cal. App. 348 [290 Pac. 643].)

At the close of the evidence respondents made a motion for a directed verdict in their favor. Disregarding conflicts, if any, in the evidence and indulging in every reasonable

inference in appellant's favor, one conclusion only is possible, namely, that the proximate cause of the accident was the failure of appellant to take reasonable precautions for his own safety. Respondents' motion for a directed verdict should have been granted and the court did not err, therefore, in rendering judgment for respondents notwithstanding the verdict of the jury in appellant's favor. (Sec. 629, Code Civ. Proc.)

For the foregoing reasons the judgment is affirmed and the attempted appeal from the order granting the motion for judgment notwithstanding the verdict is hereby dismissed.

York, P. J., and White, J., concurred.