RADICH et al. v. UNITED STATES.

No. 11288.

Circuit Court of Appeals, Ninth Circuit.

March 22, 1947.

George H. Moore and Hugh B. Rotchford, both of Los Angeles, Cal., for appellants.

James M. Carter, U. S. Atty., and Ronald Walker and Cameron L. Lillie, Asst. U. S. Attys., all of Los Angeles, Cal., for appellee the United States.

Stephen Bedford, of San Bernardino, for appellees Davis and Myers.

Before DENMAN, STEPHENS, and HEALY, Circuit Judges.

DENMAN, Circuit Judge:

The petition for rehearing advises that the stipulation of agreed facts and briefs thereon appearing on 69 pages of the printed transcript had been abandoned by the parties and that a minute order entered to that effect had been omitted from the transcript. The clerk of the district court has forwarded to us a certified copy of the minute order. The briefs of none of the parties here advised us of this omission nor of the consequent unnecessary printing of 69 pages upon which, in part, we based our opinion and decision of January 20, 1947. That opinion is ordered withdrawn.

This is an appeal from a judgment in favor of the United States for damage to one of its airplanes caused by a bulldozer tractor belonging to appellants Radich and Brown and operated by appellant Davies which, in the course of its operation in leveling land on a government airfield near Palm Springs, California, collided with the airplane.

The suit began in a complaint filed by one Stratton, a contractor, against the United States to recover the full payment for work done upon the airfield, the United States having deducted as a setoff against the amount due under the Stratton contract the damage to the airplane.

The United States filed a cross-complaint against appellants and against other persons to whom the tractor and its operator were successively leased, in the manner hereafter described.

Appellants Radich and Brown contend that the evidence does not support the district court's finding that they remained the employers of the operator through the successive leasings up to and including its use on the government airfield. We do not agree.

The operator was sent with the tractor to appellee Finch to engage in such leveling operations as "Mr. Finch or Mr. Stover," Finch's superintendent, directed. Radich and Brown contend that Finch directed the operator to confine the tractor's use to agricultural lands, but the evidence is conflicting and the court was warranted in inferring that there was no limitation as to the character of the lands to be levelled.

It appears that Finch directed the operator to level land under the orders of appellee Otto Davis, to whom and his partner appellee Myers he leased it. From that time on the operator took his orders from Davis. Davis in turn leased the tractor to appellee Wilcox and he in turn leased it to appellee Roeder, under whose direction the tractor was used on the airfield in performance of Stratton's contract with the government. There, the appellants' brief admits, the operator's negligence caused the injury to the government's airplane.

It also appears that on the airfield, on the night before the accident, Finch's superintendent, Stover, was advised by Clarence Davies, the tractor operator, that he had taken the tractor to the airfield without protest from Stover. There is also evidence that appellants Radich and Brown had knowledge that the particular equipment was being used by appellees Otto Davis and Myers prior to the accident and knowledge of the use on the Palm Springs air base two days after the accident, acquiescing in such use and allowing the equipment to remain for a period of six more days, until the work was completed, accepting and receiving payment for the ten-day period, the time the equipment worked on the air base.

There is no evidence to sustain appellants' contention that the tractor operator was to be directed by the lessee as to *how* he should use his tractor in leveling. That was in the discretion of the operator. The trial court was thus entitled to infer that, since appellants' tractor's operator was to take his directions merely as to the place of the tractor's operation from "Mr. Finch or Mr. Stover" and neither Finch

nor Stover limited the use of the tractor to leveling agricultural land but, with Stover's knowledge, permitted its use in leveling the airfield, such use was within the agency created by appellants. The court's decision is further warranted by appellants' conscious continuance of the tractor's use on the airfield after the injury to the airplane and the ratification of the negligent performance of the agency by the acceptance of the compensation "benefits" for its use during the period in which the injury occurred with the knowledge of its occurrence.

These facts bring the case within the elementary principles of authorization and ratification of the law agency expressed in the Civil Code of California by Section 2309 providing:

"Form of authority. An oral authorization is sufficient for any purpose, except that an authority to enter into a contract required by law to be in writing can only be given by an instrument in writing."

And Section 2310 providing:

"Ratification of agent's act. A ratification can be made only in the manner that would have been necessary to confer an original authority for the act ratified, or where an oral authorization would suffice, by accepting or retaining the benefit of the act, with notice thereof."

■ In none of the California cases cited is there anything varying from these elementary principles. In each of the cases cited, Burns v. Southern Pacific Company, 43 Cal.App. 667, 185 P. 875; Burns v. Jackson, 59 Cal.App. 662, 211 P. 821; Peters v. United Studios, Inc., 98 Cal.App. 373, 277 P. 156, and Callahan v. Harm, 98 Cal.App. 568, 277 P. 529, the controlling principle is that the leasing employer is liable if he does not surrender to the lessee the complete control and direction of the actions of the employee in the work in which he with the leased equipment is employed. None of these district courts of appeal cases purports to overrule the California supreme court's holding in Billig v. Southern Pacific Company, 189 Cal. 477, 485, 209 P. 241, 244, where that court said:

"It would appear, therefore, to be the rule in this state that, when a master hires out, under a rental agreement, the services of an employe for the operation of an instrumentality owned by the master, together with the use of the instrumentality, without relinquishing to the hirer the power to discharge such servant, to go where and perform such work as the hirer directs, the legal presumption is that, although the hirer directs the servant where to go and what to do in the performance of the work, the servant, as the operator of the instrumentality employed in the doing of the work, remains, in the absence of an agreement to the contrary, the servant of the general employer in so far as concerns the manner and method of operating the instrumentality, and the negligence of the servant must be held to be that of the owner, and not that of the hirer, of the instrumentality. * * *"

■ The fact that if the appellants' operator's services were not satisfactory to the lessee he could stop the operator's work and procure another from appellants, does not make the operator's acts while he remained any the less those of appellants' agent. The incident of the power to stop the services of a person is held not determinative of the existence of agency in Counihan v. Lufstufka Bros., 118 Cal.App. 602, 604, 5 P.2d 694, the controlling principle there stated being

"The authorities hold that the real test to be used in determining the question of such relationship is to ascertain whether the person claimed to be the servant was subject to the control of the party sought to be charged as master as to the mode and manner in which the work was to be done * * *".

We order set aside the judgment entered herein on January 20, 1947, and order the entry of a judgment of affirmance of the judgment of the district court.