(May 12, 1891.)

## O'CONNOR v. LANGDON, SHERIFF.

[26 Pac. 659.]

CHARGE TO JURY—CONFLICTING EVIDENCE.—A mere misuse of the conjunction "and" in the place of the disjunctive "or" in a charge, which has clearly and repeatedly correctly stated the law, is harmless error, which will not warrant a reversal.

EVIDENCE CONFLICTING.—Where the evidence is conflicting the verdict of a jury will not be disturbed.

(Syllabus by the court.)

APPEAL from District Court, Latah County.

Reynolds, Buck & Winston, for Appellant.

A statement by counsel in argument, wholly outside of the evidence in the case, is sufficient to entitle the opposite party to

a new trial. (*Brown v. Swineford,* 44 Wis. 282, 28 Am. Rep. 582; *Hatch v. State,* 8 Tex. App. 416, 34 Am. Rep. 751; *Hall v. Wolff,* 61 Iowa. 559, 16 N. W. 710; *Chase v. Chicago,* 20 Ill. App. 274; *Marble v. Walters,* 19 Mo. App. 134; *Willis v. Mc-Neill,* 57 Tex. 465; *Thompson v. State,* 43 Tex. 274; *Berry v. State,* 10 Ga. 522.)

Poe & Piper, for Respondent.

One who goes to a place with the intention to reside there becomes a resident of that place, whether the residence has been long or short. (Drake on Attachment, secs. 59, 60; 2 Bouvier's Law Dictionary, 574.) Errors cannot be relied on in the appellate court which are not taken advantage of and raised in the court below. (*Morgan v. Hugg,* 5 Cal. 409; *Huckell v. McCoy,* 38 Kan. 53, 15 Pac. 870.) A verdict not justified by evidence cannot be disturbed when there is a conflict of testimony, even though it should be greatly against the weight of evidence. (*Wilson v. Fitch,* 41 Cal. 385; Hayne on New Trial and Appeal, sec. 288.) Each instruction need not contain all the exceptions and qualifications necessary if others embody them; and, if fairly presented as a whole, the verdict must stand. (*People v. Doyell,* 48 Cal. 86; *People v. Welch,* 49 Cal. 174; *People v. Cleveland,* 49 Cal. 577.)

HUSTON, J.—This is an action of claim and delivery for the recovery of two horses or the value thereof. The horses were seized by defendant upon an execution issued upon a judgment recovered in justice's court of Moscow precinct, Latah county, Idaho. Plaintiff claims that the property so seized was exempt under the statutes of Idaho, for the reason that he, the plaintiff, was an actual resident of Idaho at the time of the seizure, and engaged solely in teaming with said team as a means of livelihood. The answer of defendant denies both the actual residence and occupation of plaintiff. The case was tried to a jury, and verdict rendered for plaintiff for recovery of property, and damages for detention. The appeal is from the order of the district judge overruling defendant's motion for a new trial. The errors charged are:

First, error in the charge of the court to the jury, in this: The court charged the jury as follows: "There must be two things that must occur in order that this plaintiff may have his property exempt: (1) He must at the time have been an actual resident of Idaho territory; and (2) he must have been a teamster, using his team habitually as a means of livelihood." This instruction was substantially repeated, at least three times, in the instructions of the court; but it appears that in its excess of repetition the court, evidently by inadvertence, used the word "and" in one case where the word "or" should have been used, to wit, after stating the law as above given, the court says: "If you find, however, the contrary, that he [the plaintiff] was not an actual resident of this territory, and that he did not use those horses habitually as a means of livelihood," etc. It is the use of the conjunction "and" in place of the disjunctive conjunction "or" that is charged as error. We cannot think that this mere *lapsus linquae,* occurring in a charge which had repeatedly stated the law of the case correctly, could have misled the jury. If technically error, it was harmless, and will not warrant a reversal.

The second error urged is that the attorney for the plaintiff, in his closing argument to the jury, used the following words: "Gentlemen of the jury: If you could have only seen this young man, the plaintiff, come into my office with tears in his eyes lamenting the loss of his horses, all that he had in the world, the day of the sale, you would not suspect him of endeavoring to deceive you." It is claimed by appellant's counsel that in making the above statement of facts, of which there was no proof in the testimony, the only evidential statement was as to the horses being "all that plaintiff had in the world," and this fact was testified to by the plaintiff, and was undisputed. The agony alluded to by his counsel may be fairly inferred to have been intended to meet some charge of dishonesty or deception charged to have been attempted by the plaintiff. Without the argument upon both sides before us, it is impossible for us to say what degree of relevance there was. At any rate, the matter is too trifling to warrant a reversal.

The only other error charged by the appellant is that the evidence does not warrant or sustain the verdict. The evidence

upon the fact of the occupation of plaintiff was undisputed. The evidence of residence was somewhat conflicting, but we think fully warranted the finding of the jury. Order of the court below overruling motion for new trial is affirmed, with costs to respondent. .

Sullivan, C. J., and Morgan, J., concur.