(October 2, 1917.)

HARRY KELLY, as Administrator of the Estate of IRA L. DAVIS, Deceased, Respondent, v. THE LEMHI IRRIGATION AND ORCHARD COMPANY, LIMITED, a Corporation, Appellant

[00 Pac. 000.]

INSTRUCTIONS—MASTER AND SERVANT—DEATH BY WRONGFUL ACT— LOSS OF COMPANIONSHIP AS ELEMENT OF DAMAGE—COLLATERAL HEIRS.

    1. "All instructions given in a case must be read and considered together and where, taken as a whole, they correctly state the law and are not inconsistent, but may be reasonably and fairly harmonized, it will be assumed that the jury gave due consideration to the whole charge and was not misled by an isolated portion, which, considered alone, does not fully and clearly state the law applicable to the facts in the case." (*State v. Curtis*, 30 Ida. 537, 165 Pac. 999.)

    2. A master is liable if an injury to a servant results from his failure to provide the servant with reasonably safe implements and appliances, even though there is also negligence of a fellow-servant, if the two concur as a proximate cause of the injury.

    3. In an action brought under sec. 4100, Rev. Codes, if it be shown that the heirs have suffered substantial injury through the loss of the companionship and society of the deceased, then such loss may be considered by the jury in estimating the damages. This is

true even though the heirs, for whose benefit the action is brought, are not relatives in the direct line but collateral. The close relation and companionship are not implied from the mere fact of relationship, but must be shown by the evidence.

[As to duty of master to furnish servant with safe means and appliances with which to work, see notes in 92 **Am. Dec.** 213; 21 **Am. Rep.** 579.]

APPEAL from the District Court of the Sixth Judicial District, for Lemhi County. Hon. J. M. Stevens, Judge.

Action for damages. Judgment for plaintiff. *Reversed conditionally.*

E. W. Whitcomb and Stevens & Clute, for Appellant.

No evidence was given showing that the collateral heirs suffered any damages. Such heirs must prove probable loss or their recovery will be limited to nominal damages. (*Burk v. Arcata & Mad River R. Co.,* 125 Cal. 364, 73 Am. St. 52, 57 Pac. 1065.)

The entire evidence did not show any negligence on the part of the defendant company, and it was shown by the evidence that if the accident was due to anyone's negligence, it was to the negligence of the fellow-workmen of the deceased. (*New Pittsburg Coal etc. Co. v. Peterson,* 136 Ind. 398, 43 Am. St. 327, 35 N. E. 7; *Larsen v. LeDoux,* 11 Ida. 49, 81 Pac. 600; *Smith v. Potlatch Lumber Co.,* 22 Ida. 782, 128 Pac. 546; *Ell v. Northern Pac. R. R. Co.,* 1 N. D. 336, 26 Am. St. 621, 48 N. W. 222, 12 L. R. A. 97; *McKillop v. Superior Shipbuilding Co.,* 143 Wis. 454, 127 N. W. 1053; *Keenan v. New York & Lake Erie Western R. Co.,* 145 N. Y. 190, 45 Am. St. 604, 39 N. E. 711; *McKinnon v. Norcross,* 148 Mass. 533, 20 N. E. 183, 3 L. R. A. 320; *Bagley v. Consolidated Gas Co.,* 5 App. Div. 432, 39 N. Y. Supp. 302; *Kliegel v. Weisel & Vilter Mfg. Co.,* 84 Wis. 148, 53 N. W. 1119.)

Instructions Nos. 4 and 27 were wrong and misleading, for the reason that they in no sense are restrictive as to the amount of damages which the jury were entitled to assess. (*Holt v. Spokane etc. P. R. Co.,* 3 Ida. 703, 711, 35 Pac. 39;

*Burk v. Arcata & Mad River R. R. Co., supra; Morgan v. Southern Pac. Co.,* 95 Cal. 510, 29 Am. St. 143, 30 Pac. 603, 17 L. R. A. 71; *Green v. Southern Pac. Co.,* 122 Cal. 563, 55 Pac. 577; *Hillebrand v. Standard Biscuit Co.,* 139 Cal. 233, 73 Pac. 163; *Ruppel v. United Railroads of San Francisco,* 1 Cal. App. 666, 82 Pac. 1073; *Simoneau v. Pac. Electric Ry. Co.,* 159 Cal. 494, 115 Pac. 320, 2 N. C. C. A. 137; *In re Calif. & Imp. Co.,* 110 Fed. 670; *Christensen v. Floriston Pulp & Paper Co.,* 29 Nev. 552, 92 Pac. 210.)

Where the next of kin are collateral kindred of the deceased, and have not received pecuniary aid from him and are not in a situation to require it, only nominal damages can be recovered. (*Rhoads v. Chicago & Alton R. R. Co.,* 227 Ill. 328, 10 Ann. Cas. 111, 81 N. E. 371, 11 L. R. A., N. S., 623; *Wabash R. Co. v. Cregan,* 23 Ind. App. 1, 54 N. E. 767; *Cleveland, C. C. & St. L. R. Co. v. Drumm,* 32 Ind. App. 547, 70 N. E. 286; *Atchison, T. & Sante Fe R. Co. v. Weber,* 33 Kan. 543, 52 Am. Rep. 543, 6 Pac. 877; *Howard v. Delaware & Hudson Canal Co.,* 40 Fed. 195, 198, 6 L. R. A. 75; *Falkenau v. Rowland,* 70 Ill. App. 20; *City of Chicago v. Scholten,* 75 Ill. 468; *Romeo v. Western Coal & M. Co.,* 157 Ill. App. 67; *Chicago & N. W. Ry. Co. v. Swett,* 45 Ill. 197, 92 Am. Dec. 206; *Munroe v. Pacific Coast Dredging etc. Co.,* 84 Cal. 515, 18 Am. St. 248, 24 Pac. 303; *Pepper v. Southern Pac. Co.,* 105 Cal. 389, 38 Pac. 974; *Golden v. Spokane etc. R. Co.,* 20 Ida. 531, 118 Pac. 1077; *Pool v. Southern Pac. Co.,* 7 Utah, 303, 26 Pac. 654.)

A. C. Cherry and John H. Padgham, for Respondent.

We insist upon the definition of the word "pecuniary" adopted by the supreme court of Idaho, and the supreme court of the United States, and contend that loss of companionship of a brother is, in fact, a pecuniary loss.

Sec. 4100, Rev. Codes, does not limit the damages to pecuniary loss, and does not refer in any way to pecuniary loss or pecuniary damages, but provides that "such damages may be given as under all the circumstances of the case may be just." For the court to interpolate into the statute that damages can

be given only when the loss of money is alleged and shown by evidence would be judicial legislation.    (*Holt v. Spokane etc. R. Co.*, 3 Ida. 703, 35 Pac. 39; *Anderson v. Great Northern R. Co.*, 15 Ida. 513, 99 Pac. 91; *Nehrbas v. Central Pac. R. Co.*, 62 Cal. 320; *Beeson v. Green Mt. G. M. Co.*, 57 Cal. 20; *Illinois Cent. R. Co. v. Barron*, 5 Wall. (72 U. S.) 90, 18 L. ed. 591; *Houghkirk v. President, etc.*, 92 N. Y. 219, 225, 44 Am. Rep. 370; *Chicago v. Major*, 18 Ill. 349, 68 Am. Dec. 553.)

In the following cases it is distinctly held that loss of society is pecuniary loss: *Peters v. Southern Pac. Co.*, 160 Cal. 48, 70, 116 Pac. 400; *Hale v. San Bernardino Valley Traction Co.*, 156 Cal. 713, 716, 106 Pac. 83; *Clark v. Tulare Lake Dredging Co.*, 14 Cal. App. 414, 434, 112 Pac. 564; *Evarts v. Santa Barbara Consol. R. Co.*, 3 Cal. App. 712, 714, 86 Pac. 830; *Mize v. Rocky Mt. Bell Tel. Co.*, 38 Mont. 521, 535, 129 Am. St. 659, 16 Ann. Cas. 1189, 100 Pac. 971.

The reasonable expectation of pecuniary benefit to the next of kin by inheritance, or otherwise, from the continuance in life of the deceased was the proper measure of damages. (*Dickens v. New York C. R. Co.*, 23 N. Y. 158; *Kane v. Mitchell Trans. Co.*, 90 Hun, 65, 35 N. Y. Supp. 581; *Kelly v. Twenty Third St. Ry. Co.*, 14 Daly (N. Y.), 418; *Holmes v. Oregon & C. R. Co.*, 6 Sawy. 275, 5 Fed. 523; *Holland v. Brown*, 13 Sawy. 284, 35 Fed. 43; *Pennsylvania R. Co. v. McCloskey's Admr.*, 23 Pa. 526.)

In order for the negligence of fellow-servants to defeat an action of this kind, it must appear that the death was caused solely by the negligence of fellow-servants.    If the negligence of the master commingles with that of a fellow-servant of the deceased, the master is liable.    (4 Thomp. Neg., secs. 4856, 4858; *Kennedy v. Grace & Hyde Co.*, 92 Fed. 116.)

A master must indemnify a servant who is injured by the negligence of a fellow-servant, when the delinquency consists in a failure to discharge properly either the function of furnishing the instrumentalities with which the business is carried on or the function of keeping those instrumentalities up to the legal standard of safety while they continue to be used.    (*Hough v. Texas & Pac. R. R. Co.*, 100 U. S. 213, 25

L. ed. 612; *Northern Pac. R. Co. v. Herbert,* 116 U. S. 643, 6 Sup. Ct. 590, 29 L. ed. 755; *Northern Pac. R. Co. v. Peterson,* 162 U. S. 346, 16 Sup. Ct. 843, 40 L. ed. 994.)

The master owes the duty to his servant to use ordinary care and diligence to provide such sound and sufficient appliances or instrumentalities as are reasonably calculated to insure the safety of the servant in performing the service, to discover and repair any defect therein, and to provide a reasonably safe place in which .to perform the service; and if he fail in either of these respects, and injury result to the servant because of such failure, the master will be liable.   (4 Thompson on Neg., secs. 3986–3988.)

Collateral heirs may sue and recover substantial damages in a case of this kind.   (*Whitley v. Spokane etc. R. Co.,* 23 Ida. 642, 132 Pac. 121; *St. Louis etc. R. Co. v. Moore,* 101 Miss, 768, Ann. Cas. 1914B, 597, 58 So. 471, 39 L. R. A., N. S., 978; *Florida etc. R. Co. v. Foxworth,* 41 Fla. 1, 79 Am. St. 149, 25 So. 338; *Mize v. Rocky Mt. Bell Tel. Co.,* 38 Mont. 521, 129 Am. St. 659, 16 Ann. Cas. 1187, 100 Pac. 971.)

McCARTHY, District Judge.—This is an action brought by Harry Kelly, as administrator of the estate of Ira L. Davis, deceased, against the Lemhi Irrigation and Orchard Company. It is charged in the complaint that the defendant wrongfully caused the death of the deceased while in its employ by providing the crew, of which he was a member, with a hay derrick which was unsafe and defective in certain particulars expressly set forth; that by reason of such defects said derrick fell and inflicted injuries upon deceased from which he died.   The evidence shows that four married sisters and two older brothers are the sole heirs of the deceased.   There is no evidence that any of said brothers or sisters were in any way dependent, financially, upon the deceased or had ever received any financial aid from him, nor does the evidence show any likelihood · that they would have received any such aid in the future. In fact, the complaint does not contain any allegation that the heirs ever had received or ever expected to receive financial aid.   The complaint alleges that the heirs were entitled to the society, companionship, help and advice of their brother

and that by reason of the negligence of the defendant they have been deprived of his society, companionship, help and advice. The jury found a verdict for $2,500. Under the evidence the verdict must have been based upon the loss to the heirs of his companionship and society, as there was no evidence of any other loss.

The case is in this court on appeal from an order of the district court denying a motion for a new trial. The principal specifications of error are: The giving of certain instructions by the court; the refusal to give certain instructions requested by appellant; that excessive damages have been given under influence of passion and prejudice, as no evidence appears showing that the collateral heirs, for whose benefit the suit was brought, suffered any damages whatsoever; and that the evidence is insufficient to show actionable negligence on the part of appellant.

Appellant specifies as error instruction numbered 21, as follows: "It is not necessary for the plaintiff to prove all the acts of negligence charged against the defendant in the complaint. If he (the plaintiff) proves any one of the allegations of negligence, and the plaintiff's intestate, Ira L. Davis, deceased, was without fault, it is sufficient."

In speaking of "the acts of negligence," the court clearly refers to the different defects in the hay derrick which are expressly set forth in the complaint. If this instruction stood alone it might be prejudicial, but the prejudicial effect of it is removed when it is read in connection with other instructions which explain just what the plaintiff must show in order to prove actionable negligence on the defendant's part.

"All instructions given in a case must be read and considered together and where, taken as a whole, they correctly state the law and are not inconsistent, but may be reasonably and fairly harmonized, it will be assumed that the jury gave due consideration to the whole charge and was not misled by an isolated portion, which, considered alone, does not fully and clearly state the law applicable to the facts in the

case." (*State v. Curtis,* 30 Ida. 537, 165 Pac. 999, and cases there cited.)

Appellant claims there was not sufficient evidence to show negligence on its part and that the evidence shows the fall of the derrick was caused by the negligence of a fellow-servant of the deceased who was operating it. The rule is well established that the master is liable if an injury to a servant results from the master's failure to provide the servant with reasonably safe implements and appliances, even though there is also negligence of a fellow-servant, if the two concur as a proximate cause of the injury. (4 Thompson on Negligence, sec. 4858; *Keast v. Santa Ysabel Gold Min. Co.,* 136 Cal. 256, 68 Pac. 771; *Pullman Palace Car Co. v. Laack,* 143 Ill. 242, 32 N. E. 285, 18 L. R. A. 215.)

We conclude that the evidence showing negligence on the part of the master and negligence on the part of the fellow-servant was properly submitted to the jury and that the evidence is sufficient to support the verdict under the rule above stated.

Appellant specifies as error that the damages are excessive, in that the evidence does not show that the collateral heirs suffered any damages, and that the court should have instructed the jury, as requested by appellant, that no damages could be recovered for the loss of the comfort and protection of the deceased. The statute under which the action is brought (sec. 4100, Rev. Codes), is as follows:

"When the death of a person, not being a minor, is caused by the wrongful act or neglect of another, his heirs or personal representatives may maintain an action for damages against the person causing the death; or if such person be employed by another person who is responsible for his conduct, then also against such other person. In every action under this and the preceding section, such damages may be given as under all the circumstances of the case may be just."

In England and in some of the states the courts have held that under a statute creating liability for wrongfully causing death, recovery is limited to damages for a pecuniary injury, which we understand to mean an injury directly

causing financial loss. In almost all of the states where this has been held the recovery is limited expressly by statute to pecuniary injury. No such express limitation is made by our statute; therefore these decisions are not in point. In England and in some of the states such is the holding, even though the statute does not expressly limit recovery to pecuniary injury. In California, under a statute like ours, the court holds that recovery is limited to pecuniary injury. (*Beeson v. Green Mt. Gold Min. Co.,* 57 Cal. 20; *Burk v. Arcata & Mad River R. R. Co.,* 125 Cal. 364, 73 Am. St. 52, 57 Pac. 1065.)

In the former case, however, the court holds that, where damages on account of the death of a husband are sought for the benefit of his wife, the loss of companionship or society may be considered as an element of pecuniary damages. This court has held, in case of a parent, recovery may be had for the loss of the society and companionship of a child. (*Anderson v. Great Northern Ry. Co.,* 15 Ida. 513, 99 Pac. 91.) As to whether this is to be considered a pecuniary injury, as said by the California court, this court did not expressly hold. Taking the words as meaning an injury which directly causes a financial loss, we do not see how it can be said that such an injury is a pecuniary injury. It is however, a substantial, serious and material injury and should be compensated in damages, as held by this court and the California court. In case of *Burk v. Arcata etc. R. R. Co.,* *supra,* the California court discriminated in this respect between an heir who is a relation in the direct line and a collateral heir, holding, in effect, that the collateral heir cannot recover for loss of companionship or society, but must show some direct financial loss of a different sort; in other words, must show that he had a reasonable expectancy of deriving financial aid from the deceased, if he had lived, or of inheritance. This decision of the California court was rendered after the legislature of this state passed a statute similar to the California statute, and therefore it cannot be said that the legislature of this state adopted the construction placed upon the statute by the Cali-

fornia court. We are unable to follow the reasoning of the California decision. If the loss of the society and companionship be a substantial loss which should be compensated, this should apply to any heir, if it can be shown that he has suffered such loss. The statute itself makes no discrimination in this respect. Suppose a brother and sister are left orphans at an early age, with ample means, but with no other near relatives. If the brother be killed after they have grown up together and he has borne toward her the part of father as well as brother, then the loss of his society and companionship is a substantial and material loss to her, almost to the same extent as if he had been her father instead of her brother. In the present case the evidence shows that Mrs. Kelly, a sister of the deceased, had brought him up, really taking the place of his mother. A rule which bars collateral heirs, in all cases, from recovering damages for loss of society and companionship does not strike us as just or sensible, and we find no basis for such a rule in the statute. In the words of the statute, such damages should be allowed as under all the circumstances of the case may be just. Each case must stand on its particular facts. Under the usual conditions of life it is not probable that, in the ordinary case, a collateral heir can show any substantial damages because of loss of society or companionship. However, if in any case a collateral heir can prove there have been such close companionship and relations between himself and the deceased that he has suffered a substantial loss from the termination of that companionship, then the jury may be allowed to consider that fact as an element of damages, in a similar way, although perhaps not generally to the same degree, as it would be considered if the relationship had been in the direct line instead of collateral. Of course no such companionship is implied from the mere relationship, it must be proved to have existed. If such fact be proved, then it may be considered as an element of damages in all cases which come under the statute.

Applying the above rule to the evidence in this case, we conclude there is sufficient evidence of the close relations and

companionship between the deceased and his sister, Mrs. Kelly, to warrant the jury in considering the loss of that companionship as a ground of substantial damage.    We conclude there is not sufficient evidence of close relations and companionship between the deceased and the other heirs to warrant the jury in considering the loss of that companionship as a ground of substantial damage; yet the jury very likely considered the loss of companionship suffered by the other heirs, as well as the loss suffered by Mrs. Kelly, in arriving at the verdict of $2,500.    We conclude that the amount of the judgment should be reduced to $1,500.

We have examined the other specifications of error relied on by appellant and conclude that they are not well taken.

The cause is remanded with direction to the district court to grant a new trial unless, within thirty days after the filing of the *remittitur,* the respondent shall file in said court his written consent that the judgment be reduced to $1,500, together with plaintiff's costs incurred in the district court.    If such consent is given, the judgment will be modified accordingly, as of the date of its original entry, and, together with the order denying the motion for a new trial, will stand affirmed.    Costs upon appeal are awarded to appellant.

Morgan and Rice, JJ., concur.

Petition for rehearing denied.