202 P.2d 1085

**SIMMONS v. TROWBRIDGE.**

No. 7441.

Supreme Court of Idaho.

Feb. 15, 1949.

Earl E. Garrity, of Nampa, for appellant.

Anderson & Thomas, of Boise, for respondent.

HOLDEN, Chief Justice.

Clark Simmons, a resident of Nampa, was employed by the Pacific Fruit Express Company at Nampa, Idaho. January 26, 1947, he left the plant at approximately 4:30 o'clock p. m., went home, had supper, changed his clothes and then went to a neighbor's to inquire about a ride to Nampa. His neighbor said he wouldn't be going to town for a half hour, so Simmons decided to catch a bus. He walked to U. S. Highway No. 30, crossed over to the righthand side to wait for a bus to carry him to Nampa. He stood there for a few minutes when he decided to call a taxi from a filling station easterly from where he was standing. He began walking on his righthand side of the highway when he was struck from the rear by an automobile owned and operated by Cecil R. Trowbridge. Simmons was taken to the hospital by Trowbridge and a companion, who left him in care of hospital nurses without disclosing their names or reporting the accident to the police officers. Subsequently Trowbridge was charged with failing to report the accident and after a plea of guilty paid a fine of $25.

July 3, 1947, this action was commenced against Trowbridge to recover damages for personal injuries alleged to have been suffered by reason of the alleged carelessness and negligence of Trowbridge. October 6, 1947, Trowbridge answered the complaint. In his answer he denied the material allegations of the complaint charging negligence and for a further and affirmative answer and defense pleaded, in substance, that Simmons was drunk at the time of the accident and was thereby and by reason thereof guilty of contributory negligence. The case was tried January 2, 1948, before the Honorable Thomas E. Buckner, sitting with a jury. January 3, 1948, the jury returned a verdict in favor of respondent Trowbridge and judgment thereon was duly and regularly entered from which plaintiff Simmons prosecuted an appeal to this court.

In limine it should be pointed out defendant and respondent Trowbridge concedes Simmons was not drunk at the time of the accident and, therefore, was not thereby and on account thereof guilty of contributory negligence, which at once disposes of respondent's affirmative defense and brings us to appellant's contention that the evidence is insufficient to support the verdict and judgment in certain particulars hereinafter discussed. The evidence is brief and meager. On that question (insufficiency of the evidence), it appears that:

Appellant Simmons on direct examination testified the place where the accident occurred and he was injured was on U. S. Highway 30 approximately a mile west from the city of Nampa; that he was walking on the southerly or his righthand side of the highway, off the paved surface and on the shoulder of the highway; that there were cars traveling in both directions along the highway; that he was struck by the side of an automobile; that two boys picked him up and put him in the back seat of the car and took him to the hospital. On cross-examination appellant testified that at the time the accident occurred it was dark; that he was wearing a dark suit of clothes and a dark hat and did not have a light; that there was considerable traffic on the highway; that he was walking in the same direction as traffic on his right-hand side of the highway; that he didn't pay any attention to traffic approaching from his rear on the same side of the highway he was walking and that he didn't see the car that hit him before it hit him; that he knew it was dangerous to walk on a highway in the same direction as traffic as he was then walking, and that he thought about it at the time.

Earl E. Reed, called by appellant, testified he was prosecuting attorney; that respondent Trowbridge, and his companion George Hunt, discussed the accident with him, Mr. Reed, stating that the car in which they were riding had hit Simmons and that respondent and George Hunt had come to him voluntarily.

Respondent Trowbridge testified that on the evening of January 26, 1947, he was enroute to Boise where he then lived, from Payette where he had visited at the home of George Hunt, and that Hunt was riding with him; that something attracted his attention—"a shadow or object passing the right front headlight"; that he and Hunt stopped, investigated and found a man lying on the shoulder of the highway and they put him in the back seat of respondent's automobile and took him to the hospital at Nampa, remained there a short time and left; that they didn't know that respondent's automobile had struck appellant Simmons and learned the next day that the police at Nampa were looking for them and that they voluntarily went to Nampa and to the police station; that they never told Mr. Reed the defendant's car had struck appellant, but had stated that there was a possibility that respondent's car had struck appellant; that they were driving on the pavement or oiled surface of the highway.

On cross examination respondent testified that at the time of the accident Hunt, his companion, was playing a harmonica and that he was listening and driving the car.

The testimony of George Hunt, respondent's companion in the automobile, was generally corroborative of respondent's testimony.

Appellant contends respondent failed to exercise reasonable and ordinary care in driving his automobile and in particular, in this: That respondent was listening to the

harmonica being played at the time of the accident by his companion, George Hunt, and insists respondent's testimony shows he didn't know where appellant was, whether on the shoulder of the highway or on the oiled surface, and hadn't seen appellant, and to support these contentions quotes the following testimony of respondent:

"Q. You allege in your answer, Cecil, that the plaintiff was walking on the highway—on the main traveled portion of the highway. As a matter of fact, you don't know where he was walking? A. Well, if he hadn't been on the main portion of the highway or the traveled part, I wouldn't have hit him, if I did.

"Q. You think if he had been on the gravel that you would have missed him? A. Yes, because I am sure my wheels never touched the gravel on that part of the highway until I backed up.

"Q. But you don't know where he was walking, is that right? A. I wouldn't be prepared to point out the spot, no.

"Q. You don't know where he was walking? A. I assume he was on the highway.

"Q. But you don't know? A. No.

"Q. If he had been in the center of the highway, do you think you would have seen him? A. Yes.

"Q. If he had been any place on the oil, you would have seen him is that correct? A. Yes."

Whether respondent's listening to the harmonica caused or any way contributed to the accident; whether respondent did, or did not, know where appellant was; whether respondent saw or did not see appellant; whether appellant was walking on the shoulder of the highway or on the oiled surface; whether respondent was careless or inattentive because he was listening to the harmonica; whether respondent for any reason failed to exercise reasonable and ordinary care, under all the facts and circumstances, were questions of fact for the jury. Cases in point are: Stearns v. Graves, 62 Idaho 312, 320, 111 P.2d 882; Byington v. Horton, 61 Idaho 389, 401, 102 P.2d 652; O'Connor v. Meyer, 66 Idaho 15, 25, 154 P.2d 174, and cases therein cited.

Furthermore, where minds of reasonable men might differ or where different conclusions might be reached by different minds, the questions as to the existence of negligence are questions for the jury. Stearns v. Graves, supra.

All questions of fact in this state, whether negligence, contributory negligence or gross negligence are for the jury. It is only where the evidence points unerringly to a conclusion as to whether one is guilty of negligence or not that the matter becomes a question of law within the power of an appellate court to decide. O'Connor v. Meyer, supra, 66 Idaho page 24, 154 P.2d page 178, and cases therein cited.

84

■■ It must be kept in mind the burden was on appellant to prove negligence by a preponderance of the evidence. We can not say, after a full and careful consideration of the evidence, that appellant sustained that burden. Nor can we say that the evidence points unerringly to the conclusion respondent was guilty of negligence, making it a question of law within the power of this court to decide.

The judgment must be affirmed and it is so ordered, with costs to respondent.

GIVENS and PORTER, JJ., and GLENNON and BAKER, District Judges, concur.