255 P.2d 710

**BENSON et al. v. BRADY et al.**

**No. 7891.**

Supreme Court of Idaho.

March 31, 1953.

J. F. Martin, Boise, Kibler & Beebe, Nampa, for appellants.

Elam & Burke, Boise, for Bruck and Constable.

PORTER, Chief Justice.

In September, 1949, defendant, John S. Brady, as owner, was engaged in the construction of an apartment house in Caldwell. He employed one T. W. McCoy as contractor to erect the concrete walls in the basement. Appellant Benson was a foreman for McCoy and supervised and aided in the construction of the forms for such walls and in the stripping of the

forms from the walls after the concrete had been poured.

Parallel east and west walls were built standing 24 feet apart. The east wall, being the wall involved in this action, was 75 feet 6 inches long, 7 feet 4 inches high and 6 inches wide. The materials used in preparing the concrete were mixed in such proportion that the wall was of mediocre construction. Its construction was below the standard requirements of the F.H.A. To meet such requirements the wall should have been 8 inches in width. The wall was not attached to its footings, was not reinforced, was not braced and had no pilasters. The concrete in the wall had been poured about one week prior to the hereinafter described accident and was still green.

On the morning of September 28, 1949, appellant Benson was sent to the basement by his employer, McCoy, to construct some forms for footings for a center bearing partition to be thereafter erected. There was no particular place in the basement where Benson was required to work. He set up his sawhorses and commenced to work in the construction of these forms at a point near the east wall.

Respondent Bruck was the contractor engaged by defendant Brady to dig the basement, to level the ground and to back-fill the trenches left when the forms were removed from the walls. On the morning in question respondent Constable, as the employee of Bruck, was engaged in back-filling along the walls. He was using a bulldozer weighing about 12,000 lbs. with a 9-foot blade extending 3 feet in front of the bulldozer. He was working in part at least under the direct supervision of defendant Brady. He backfilled the trench along the west wall and then was motioned by Brady around to backfill the trench along the east wall. He was carrying out this operation as instructed by driving the bulldozer at an angle of about 45 degrees to the trench and pushing the powdery dirt along the edge of the trench and allowing it to fall over into the trench.

Defendant Brady went down into the basement and was engaged in conversation with appellant Benson when the east wall caved into the basement and fell upon Benson, causing him serious injury. Constable immediately stopped the bulldozer when the wall started to cave. At the place where the bulldozer was stopped the backfill had been made to between 2 and 3 feet from the top of the wall. At the time the wall caved in, the nearest point of the blade of the bulldozer to the wall was a distance of 59 inches; and the dirt being pushed before the bulldozer was a small load according to the testimony of Constable. Brady testified he instructed that the bulldozer was to be kept 8 or 10 feet from the wall. The bulldozer itself was approximately 8 feet from the wall when the cave-in occurred.

The injury to appellant Benson being the result of an accident arising out of and

in the course of his employment, he became entitled to the benefits provided by the Workmen's Compensation Law. Appellant United Pacific Insurance Company became liable for such benefits as the insurer of Benson's employer, T. W. McCoy. Appellants brought this action under the provisions of Section 72-204 I.C., for recovery against defendants, alleging their negligence caused the injuries to Benson. The case was tried by the court sitting with a jury. A nonsuit was granted the defendant Brady on the ground that his liability was covered by the Workmen's Compensation Law. The jury returned a verdict in favor of the defendants, Bruck and Constable, and judgment was entered accordingly. The motion of appellants for a new trial was by the court denied. Appellants have appealed to this court from the judgment and from the order denying the motion for new trial. Appellants have not appealed from the judgment of nonsuit granted in favor of defendant Brady and such matter is not involved in this appeal.

We will not discuss the several specifications of error in detail but will consider the substantial questions raised. Appellants first contend that the evidence conclusively establishes the negligence of respondents as a matter of law. There is no merit in this contention. The question of negligence of respondents under the evidence was clearly one for the jury. Questions of negligence and contributory negligence are for the jury and are never ones of law where the evidence is such that the minds of reasonable men might differ or different conclusions might be reasonably reached by different minds on such questions. Simmons v. Trowbridge, 69 Idaho 79, 202 P.2d 1085; Ford v. Connell, 69 Idaho 183, 204 P.2d 1019.

Appellants next contend that the evidence establishes as a matter of law that appellant Benson was not guilty of any contributory negligence, and that the trial court erred in instructing the jury on contributory negligence. Respondents affirmatively alleged in their answer contributory negligence on the part of Benson. The evidence shows that Benson knew that the wall was not attached to its footings, was not reinforced, was not braced, was only 6 inches in width and was new and green. He was an experienced foreman. He knew that the backfilling against the walls was going on while he was working in the basement. He was not required to work near the east wall when the backfilling was being done against such wall.

"The voluntary use of an unsafe place to work, when other and safer places are available, constitutes contributory negligence, precluding a recovery for injury, if the danger is obvious or of such a character that an ordinarily prudent person would not incur it under the circumstances." 56 C.J.S., Master and Servant, § 446e., p. 1266. See also, Ellis v. Union Pacific R. Co., 329 U.S. 649, 67 S.Ct. 598, 91 L.Ed.

572; Scott v. George A. Fuller Co., 41 Cal.App.2d 501, 107 P.2d 55; 65 C.J.S., Negligence, § 122, p. 732.

In Syllabus 2 in Hooton v. City of Burley, 70 Idaho 369, 219 P.2d 651, we held:

"Where one claiming damages for injuries contributes to injury by want of ordinary care by placing himself in a dangerous position where he might be injured, and does not exercise ordinary care in preventing injury to himself after being placed in such position, then mere fact that another was negligent will not relieve one injured from effects of his contributory negligence, and if person injured could have avoided such consequences by exercise of reasonable care and prudence no recovery can be had."

Under the facts in this case the question of contributory negligence was one for the jury, and the court did not err in instructing the jury thereon. Billeter v. Rhodes & Jamieson, 104 Cal.App.2d 137, 231 P.2d 93.

■ Appellants complain that the court erred in giving Instruction No. 7 on the subject of unavoidable accident for the reason there was no evidence adduced to warrant such instruction. It reads as follows:

"Negligence is never presumed, but must be proven, and it is possible, under the laws of this state, for an accident · · to occur without wrongful acts on the part of either of the plaintiffs or defendants.

"Such an accident comes under the heading of an unavoidable accident, and if you find that neither the plaintiffs nor the defendants were guilty of such wrongful conduct as would constitute negligence .in this case, then I instruct you that the accident would be an unavoidable one, for which no one would be responsible and that in such case you should allow no damage."

In Parker v. Womack, 37 Cal.2d 116, 230 P.2d 823, 825, in a case involving an automobile collision at an intersection, the court held it proper to instruct on unavoidable accident under a general denial and said:

"The terms inevitable or unavoidable accident signify an injury which is caused by something other than the actionable negligence of the parties involved."

Instruction No. 7 was given after defendant Brady was out of the case by way of nonsuit. The jury may well have believed that if there were any negligence shown, such negligence was that of defendant Brady and that the accident did not occur as a result of wrongful conduct on the part of either the plaintiffs or the remaining defendants. We find no error in the giving of this instruction. Rowton v. Kemp, 190 Okl. 558, 125 P.2d 1003; Eigner v. Race, 54 Cal.App.2d 506, 129 P.2d 444.

■ Appellants complain of the refusal of the trial court to give their Requested Instructions Nos. 1 and 2 on degree of care and caution, and their Requested Instruction No. 3 on burden of proof. The trial court marked these requested instructions "covered". An examination of the instructions given shows that they fully and fairly covered the subject matter of the requested instructions. "It is not error to refuse to give a requested instruction where the subject matter thereof is fully and fairly covered by the instructions given by the court." State v. Rutten, Idaho, 245 P.2d 778, 782; and see cases therein cited.

■ Appellants urge that the court erred in denying their motion to strike certain evidence which motion reads as follows:

"Mr. Martin: We move to strike from the record the evidence introduced by the defendants Bruck and Constable with reference to this wall and the aggregates that went to make up the wall and any matters and facts connected therewith upon the grounds and for the reason that the same is not binding upon the defendant or rather plaintiff Benson and that there is no issue made by the complaint or in their answer in connection therewith."

Testimony as to the size and construction of the wall and its lack of reinforcement, supporting braces or pilasters runs through the entire transcript and was elicited from witnesses for both sides. The first testimony as to the aggregates that went into the mixture used in the wall was brought out by appellants in their examination of the witness T. W. McCoy. Regardless of whether testimony on such subject was proper under the issues made by the pleadings, both sides participated in the introduction thereof, and such testimony was admitted largely without objection. The motion to strike the evidence introduced by respondents was made practically at the close of the case. Appellants, under the record, are not in a position to complain of the court's refusal to grant their motion to strike. Gardner v. Hobbs, 69 Idaho 288, 206 P.2d 539, 14 A.L.R.2d 478; Fogelstrom v. Murphy, 70 Idaho 488, 222 P.2d 1080.

Furthermore, this court has held that it is not error for the trial court to deny a motion to strike evidence which has been admitted without objection. Hall v. Boise Payette Lbr. Co., 63 Idaho 686, 125 P.2d 311; Carey v. Lafferty, 59 Idaho 578, 86 P.2d 168.

The contention of appellants that the trial court erred in denying their motion for a new trial is based on the same grounds heretofore considered and presents no other or additional questions.

No reversible error appearing in the record, the judgment of the trial court is affirmed. Costs awarded to respondents.

GIVENS, TAYLOR, THOMAS and KEETON, JJ., concur.