283 P.2d 922

Cleve STODDART, Plaintiff-Appellant,

v.

IDAHO CONCRETE PRODUCTS COMPANY, Defendant-Respondent.

No. 8053.

Supreme Court of Idaho.

May 13, 1955.

Anderson & Anderson, Pocatello, for appellant.

Robert M. Terrell, Zener & Peterson, Pocatello, for respondent.

ANDERSON, Justice.

August 25, 1952, appellant (plaintiff) purchased between 800 and 1,000 concrete blocks approximately 8″ x 16″ x 8″ in size, weighing 35 pounds each, from respondent (defendant) Company. The blocks were delivered to appellant's property by respondent and were stacked in a pile about 10′ long, 5′ wide and 6′ to 7′ high, on the ground between appellant's house and a small house to the rear.

The evidence is conflicting as to whether the ground was rough or level. Appellant testified that a neighbor complained because the blocks leaned and might fall on children in the neighborhood; that there was a crack in the stack four to six inches wide at the top, which was apparent to appellant and looked dangerous, but he did not report this condition to respondent Company. There was also another crack about 1½ inches wide.

Testimony on behalf of respondent was to the effect there was no crack in the blocks when piled and they could not have fallen by themselves.

August 26, 1952, appellant removed some of the blocks and on August 27, 1952, about 7:30 p. m., as he was removing more blocks from the pile and delivering them to a man in his employ, who was putting them in place in constructing a building to be used by appellant as a furnace room, the pile fell on his right leg and foot, causing the injuries complained of in this action.

Appellant testified he had just picked up two blocks from the ground about eight inches from the main stack, when it fell on him; that he was at the time three or four feet from it and had not touched it.

Respondent denied the existence of any negligence on its part, alleged affirmatively that any injuries sustained by appellant were contributed to or caused by the contributory negligence of appellant. At the conclusion of appellant's case, respondent moved for a nonsuit, which was denied by the court, as was a motion for a directed verdict made by respondent at the conclusion of its case. These motions were based on the ground that the evidence disclosed respondent had not been guilty of actionable negligence and that it further conclusively appeared appellant was guilty of contributory negligence as a matter of law.

A verdict was returned by the jury for respondent and judgment entered thereon, from which the appeal was taken.

In the case of Benson v. Brady, 73 Idaho 553, at page 557, 255 P.2d 710, 712, Justice Porter, speaking for this Court, stated:

" 'The voluntary use of an unsafe place to work, when other and safer places are available, constitutes contributory negligence, precluding a recovery for injury, if the danger is obvious or of such a character that an ordinarily prudent person would not incur it under the circumstances.' 56 C.J.S., Master and Servant, § 446e., p. 1266. See also, Ellis v. Union Pacific

R. Co., 329 U.S. 649, 67 S.Ct. 598, 91 L.Ed. 572; Scott v. George A. Fuller Co., 41 Cal.App.2d 501, 107 P.2d 55; 65 C.J.S., Negligence, § 122, p. 732.

"In Syllabus 2 in Hooton v. City of Burley, 70 Idaho 369, 219 P.2d 651, we held:

" 'Where one claiming damages for injuries contributes to injury by want of ordinary care by placing himself in a dangerous position where he might be injured, and does not exercise ordinary care in preventing injury to himself after being placed in such position, then mere fact that another was negligent will not relieve one injured from effects of his contributory negligence, and if person injured could have avoided such consequences by exercise of reasonable care and prudence no recovery can be had.'

"Under the facts in this case the question of contributory negligence was one for the jury, and the court did not err in instructing the jury thereon. Billeter v. Rhodes & Jamieson, 104 Cal.App.2d 137, 231 P.2d 93."

In 65 C.J.S., Negligence, § 121, pp. 727–729, the following appears:

"One who knows and appreciates, or in the exercise of ordinary care should have known and appreciated, the existence of danger from which injury might reasonably be anticipated must exercise ordinary care to avoid such in-jury. One must also exercise ordinary care to avoid the consequences of another's negligence. Thus, where the defect or danger is patent or obvious, it is contributory negligence to fail to exercise ordinary care to avoid it. Conduct involving an undue risk of harm to the actor is contributory negligence, and one who by his voluntary acts or omissions exposes himself to danger of which he has actual or imputed knowledge is guilty of negligence, if, under the same or similar circumstances, an ordinarily prudent person would not have incurred the risk of injury which such conduct involved. * * *"

▆▆▆ Appellant criticizes several instructions, but directs most of his claimed error to Instructions No. 7 and No. 11. Instruction No. 7 reads as follows:

"You are further instructed that it is a general rule of law than when one knows of a danger brought about by the negligence of another and understands and appreciates the risk therefrom and voluntarily exposes himself to such danger, he is precluded from recovering for resulting injuries."

While this Instruction does not use the words "proximate cause," nevertheless, it does conclude with the words "for resulting injuries' which, when taken with Instruction No. 3, defining proximate cause, and the other instructions, we do not deem it reversibly erroneous.

Instruction No. 11, reads:

"You are instructed that if you find from the evidence that the danger existing at the time and place of the accident was apparent to the plaintiff, and that he understood the danger therefrom, and in the exercise of ordinary care should recognize the danger, then you are instructed that you should find for the defendant in this case."

This Instruction, standing alone, is erroneous in that it is incomplete. It is correct as far as it goes, but it does not include the element of proximate cause.

■ The case of Spear v. Leuenberger, 44 Cal.App.2d 236, 112 P.2d 43, at page 52, in discussing a formula instruction, states:

"We are of the opinion that the rule to be followed herein is that set forth in the quite recent case of Ferguson v. Nakahara, Cal.App., 110 P.2d 1091, decided March 12, 1941, and wherein at page 1096 it is said: 'All instructions of the court are to be considered and construed as a whole to determine whether they contain reversible error. "If a single instruction omits an essential element of the cause, but is a correct declaration of the law so far as it goes, and the omitted element is correctly given in another instruction, the omission will ordinarily be cured thereby. * * *".' "

In the case of Kelly v. Lemhi Irrigation & Orchard Co., 30 Idaho 778, 783, 168 P. 1076, 1077, the following appears:

" 'All instructions given in a case must be read and considered together, and where, taken as a whole, they correctly state the law and are not inconsistent, but may be reasonably and fairly harmonized, it will be assumed that the jury gave due consideration to the whole charge and was not misled by an isolated portion which, considered alone, does not fully and clearly state the law applicable to the facts in the case.' State v. Curtis, 30 Idaho 537, 165 P. 999, and cases there cited."

When Instruction No. 11 is considered with Instruction No. 3, defining proximate cause, and Instruction No. 19, which instructs the jury that they should consider the instructions as a whole and not as though each instruction were intended to present the whole law of the case on any particular point, together with all the other instructions given by the court, we are of the opinion the instructions adequately covered the law applicable to this case; that the jury was not mislead and that appellant was not prejudiced by any error in the instructions.

We have carefully examined each of the other alleged errors and are of the opinion no reversible error was committed in the trial of the case.

The judgment is, therefore, *affirmed*. Costs to respondent.

TAYLOR, C. J., and KEETON, PORTER and SMITH, JJ., concur.