394 P.2d 316

**H. Alvaro JONES, Plaintiff-Appellant,**

**v.**

**Albert V. TALBOT, Defendant-Respondent.**

**No. 9433.**

Supreme Court of Idaho.

July 23, 1964.

Gee, Hargraves & Armstrong, Pocatello, for appellant.

Hugh C. Maguire, Jr., and Jones, Pomeroy & Jones, Pocatello, for respondent.

McQUADE, Justice.

On January 8, 1962, plaintiff-appellant, H. Alvaro Jones, filed a complaint against the defendant-respondent, Albert V. Talbot, seeking general and special damages for injuries. It was alleged therein that respondent had driven his automobile in a negligent manner causing a collision with a motorcycle driven by appellant. An amended complaint was filed on February 17, 1962.

Respondent filed an answer to the amended complaint on March 2, 1962, in which he denied negligence and alleged contributory negligence on the part of appellant. Respondent further alleged that appellant had the last clear chance to avoid the accident.

The jury verdict was rendered in favor of respondent and against appellant. Judgment for respondent on the jury verdict

was duly entered, from which appellant takes this appeal.

Main Street in Preston, Idaho, is U. S. Highway 91 and State Highway 34. It runs north and south and is wide enough to accommodate two lanes for vehicular travel in each direction in addition to a parking lane on each side for parallel parking.

On Sunday morning, March 19, 1961, appellant and his brother-in-law, Bud Call, were riding appellant's Harley-Davidson motorcycle on the inside lane for northbound traffic on Preston's main street. Appellant slowed at the Oneida Street intersection, shifted gears and continued north. The highway was dry and the weather was clear and bright.

Shortly prior thereto, respondent and his son-in-law, Raymond L. Villiard, drove into and parked in an alleyway immediately north of the Arctic Circle Drive Inn on the east side of Main Street in Preston. Their purpose was to look at a used Dodge automobile in the car lot near the alley. After spending approximately ten minutes in the car lot, the pair returned to respondent's automobile, a 1955 Plymouth, and respondent began to drive out of the alleyway and onto Main Street. His purpose was to cross the northbound traffic lanes and turn south.

Respondent's view to his left was obstructed by the Arctic Circle building until he arrived at the sidewalk area. However, he testified at the trial that the road appeared to be clear when he pulled out into the main stream of traffic and he only saw appellant's motorcycle when it was about to strike the front of his automobile. Respondent further testified that he then accelerated the speed of his automobile in an unsuccessful attempt to avoid a collision.

Appellant's motorcycle struck the automobile near its left rear door and wheel. After the impact the automobile was facing east while appellant and Call were found some distance north of the point of impact. There were 24 feet of skid marks to the point of impact left by the motorcycle and no skid marks left by respondent's Plymouth automobile. The collision occurred in midblock across from the Arctic Circle Drive Inn and approximately 300 feet north of the Oneida Street intersection.

At the trial appellant produced evidence tending to show that respondent was negligent in failing to yield the right-of-way and in failing to stop before entering the main street. Respondent, on the other hand, produced evidence tending to show that appellant was contributorily negligent in speeding and failing to keep a proper lookout. As noted previously, the jury awarded its verdict to respondent.

■ Appellant contends that the jury arrived at its verdict because of errors which

were committed by the trial court. Specifically, appellant asserts the trial court erred in refusing to admit certain evidence and testimony and in giving and omitting certain instructions.

The investigating officer testified that shortly after the collision occurred the respondent admitted that "he was at fault, that he would take care of it." This admission was again received into evidence when the appellant testified that in various conversations after the collision respondent had said to appellant that "he was sorry that it happened and he still figured he was to blame for what happened, * * *."

In the same context, however, appellant attempted to introduce into evidence a conversation which supposedly occurred several months after the crash, in which respondent allegedly told appellant "he had received a ticket for failure to yield the right-of-way; that he felt that he was guilty, and that he pleaded guilty and paid a fine," and "that he had received a ticket for failure to yield the right-of-way, that his insurance man told him to plead not guilty, but that he felt that he was guilty, and that he did plead guilty and paid a fine." Upon timely objection by respondent, the trial court held the conversation was inadmissible because of I.C. § 49–1119:

"Evidence of conviction inadmissible in a civil action.—No evidence of the conviction of any person for any viola-

tion of this act shall be admissible in any court in any civil action."

Appellant contends that the statute does not apply in this instance. He argues that it was not his intent to introduce evidence of a conviction but merely evidence of a plea of guilty and that the statute does not exclude evidence of a plea.

In Utah Farm Bureau Ins. Co. v. Chugg, 6 Utah 2d 399, 315 P.2d 277, 279–280 (1957), the Utah Supreme Court, under an identical statute, considered the same question raised herein as follows:

"Appellant also contends that the court erred in admitting in evidence as an admission against interest a plea of guilty to drunken driving by Chugg in a criminal proceeding arising out of the accident involved herein because Sec. 41–6–170, U.C.A.1953, provides that:

" 'No record of the conviction of any person for any violation of this act shall be admissible as evidence in any court in any civil action.' (Uniform Act Regulating Traffic on Highways.)

"We agree. The above quoted statute clearly prohibits the admission in evidence of a record of conviction of a violation of the Uniform Act Regulating Traffic on Highways. A plea of guilty is as much a conviction as a

verdict and judgment to that effect and therefore under the provisions of this statute should not have been admitted in evidence. * * *"

The same conclusion also has been reached by the Supreme Courts of Colorado and Minnesota under similar statutes. Ripple v. Brack, 132 Colo. 125, 286 P.2d 625. (1955); Warren v. Marsh, 215 Minn. 615, 11 N.W.2d 528 (1943). In both jurisdictions it was pointed out that any other construction of the statute would fail to take into consideration the general purpose of the legislature in enacting such a provision. As noted by the trial court, appellant's purpose was to achieve by indirection what the statute prohibits directly. The evidence was properly excluded.

█ The next error assigned by appellant concerns three photographs, plaintiff's Exhibits A, B and C, which the trial court refused to admit into evidence; all three purported to be representative views respondent had as he proceeded from the alleyway into Preston's main street and all three were taken after the street had been widened and subsequent to the collision.

The witnesses who were called upon to identify the photographs both testified that a number of changes had occurred between the time of the collision and the time the photographs were taken. Specifically, it was noted that in Exhibits A and B the road had been widened, the sidewalk had

been changed and a fence had been added to the left side of the alleyway. In Exhibit C it was pointed out that in addition to changes which had been made in the road and sidewalk, traffic conditions were different than they had been on the day of the collision.

In State ex rel. McKinney v. Richardson, 76 Idaho 9, 277 P.2d 272 (1954), it was stated that such matters as the admission of photographs should generally be left to the discretion of the trial court. The testimony presented hereinabove only illustrates that the trial judge did not err in ruling that the photographs failed to accurately portray conditions as they existed at the time of the accident.

On rebuttal appellant attempted to introduce into evidence the testimony of Police Chief Ward concerning a skid mark test which had been made by the 1955 Plymouth driven at 25 miles per hour. The testimony was rejected by the trial court and the appellant assigns this as error.

█ A large amount of discretion is vested in the trial judge with reference to the admission of rebuttal testimony; and unless it is clearly shown such discretion was abused, the appellate court will not disturb the ruling of the lower court. Stuchbery v. Harper, 87 Idaho 12, 390 P.2d 303 (1964); State v. Mundell, 66 Idaho 339, 158 P.2d 799 (1945); State v. Orr, 53 Idaho 452, 24 P.2d 679 (1933).

As noted previously, respondent's automobile did not leave skid marks at the scene of the collision. All of the evidence was to the effect that respondent attempted to accelerate when he saw appellant's motorcycle approaching. As a matter of fact, no skid marks were left by any automobile in the entire case.

In addition, Chief Ward testified that he was not present at the time the skid marks were measured and he did not know how the measurements were taken. Appellant contends that Ward's testimony would have been of value for impeachment purposes. However, in light of the circumstances noted above, the trial court did not commit error in excluding this particular evidence.

On rebuttal appellant also attempted to offer into evidence a test made, showing that a Harley-Davidson motorcycle traveling at 25 miles per hour would leave skid marks of 59 feet 9 inches. This evidence was properly excluded by the trial court. Appellant's motorcycle left only 24 feet of skid marks, but the skid was interrupted by the collision with respondent's Plymouth automobile. The exclusion was of little probative value and was within the discretion of the trial judge as to its admissibility.

Appellant next contends the trial court erred in refusing to give certain of his requested instructions. Appellant specifically lists his requested instructions Nos. 1, 4, 9, 11, 7, 10 and 14.

Close examination reveals, however, that plaintiff's requested instruction No. 1 was covered by instruction No. 8 as given by the court. Plaintiff's requested instructions Nos. 4 and 9 were covered by the court's instruction No. 13. Plaintiff's requested instruction No. 11 was covered by instructions 8 and 11 as given by the court. Plaintiff's requested instructions 7 and 9 were covered by the court's instructions 8 and 9.

Insofar as plaintiff's requested instruction No. 14 is concerned, it was over three and a half pages long and represented an attempt to embrace nearly every issue presented by this appeal. Parts of this instruction can be found throughout the instructions that were given by the court.

Although a number of appellant's proposed instructions may have been modified, all of the relevant points presented by appellant were adequately and fairly presented to the jury by the trial court. As was stated in Wilson v. Kopp, 114 Cal.App.2d 198, 250 P.2d 166, 172 (1952):

"* * * neither party is entitled to have the instructions framed in his particular language. As long as the instructions cover the issues involved and correctly and fully state the law, the fact that either party would prefer that they be otherwise expressed is immaterial."

See also: National Motor Service Co. v. Walters, 85 Idaho 349, 379 P.2d 643 (1963);

Eckman v. Jones, 85 Idaho 10, 375 P.2d 180 (1962); C. C. Anderson Stores Co. v. Boise Water Corp., 84 Idaho 355, 372 P.2d 752 (1962).

■ Instruction No. 23 stated that the jury was not to assume that appellant was entitled to a verdict from the giving of instructions on damages. Appellant contends that he was denied "fair play" as the court failed to give his requested instructions 8, 13 and 16, informing the jury that they were not to assume respondent was entitled to a verdict because they had been instructed on contributory negligence. If there was error here, it was cured by the court's instruction No. 30, admonishing the jury to construe all of the instructions together. When this is done, it becomes apparent that appellant was accorded every element of "fair play."

■ Appellant asserts that there was error in the following portion of the court's instruction No. 1:

"The plaintiff, H. Alvaro Jones, alleges that the defendant, Albert V. Talbot, drove his vehicle onto the highway from a stopped or parked condition without stopping before crossing the sidewalk and failed to yield the right-of-way to the plaintiff, *and* after seeing plaintiff, did not attempt to avoid the accident; * * *." (Emphasis supplied)

Appellant contends the above instruction incorrectly recited his claims; however, this contention cannot be sustained. Appellant's complaint is fairly and accurately set forth by instruction No. 1. As for appellant's contention that the italicized conjunctive "and" should have been used in place of the disjunctive "or" in instruction No. 1, see O'Connor v. Langdon, 3 Idaho 61, 26 P. 659 (1891). The meaning of the instruction was clear and the jury was not misled.

■ Appellant argues instruction No. 1 should have stated that appellant denied respondent's allegations of contributory negligence. If such a charge was necessary, it was sufficiently embodied in the court's instruction No. 3, which states:

"* * * it is incumbent upon the defendant to prove by a preponderance of the evidence each and every affirmative allegation of his answer."

■■ In instructions 17, 18, 19 and 20 the court informed the jury as to the amount it should award appellant if it found that he was entitled to a verdict. In instruction 21 the court instructed the jury that appellant had to prove the elements of his damages by a preponderance of the evidence; and the mere fact that an accident happened, considered alone, would not support a verdict. Appellant's contention that this instruction is erroneous cannot be sustained. Considered in context, it rep-

resents a fair and accurate statement of the law involved. There can be no recovery for an alleged wrong without a showing of resultant injury. Barron v. Koenig, 80 Idaho 28, 324 P.2d 388 (1958)

I.C. § 49–701 reads in part as follows:

"Basic rule and prima facie limits.— (a) No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. In every event speed shall be so controlled as may be necessary to avoid colliding with any person, vehicle, or other conveyance on or entering the highway in compliance with legal requirements and the duty of all persons to use due care.

"(b) Where no special hazard exists that required lower speed for compliance with paragraph (a) of this section the speed of any vehicle not in excess of the limits specified in this section or established as hereinafter authorized shall be lawful, but any speed in excess of the limits specified in this section or established as hereinafter authorized shall be prima facie evidence that the speed is not reasonable or prudent and that it is unlawful:

"1. Thirty-five miles per hour in any urban district;"

In accordance with I.C. § 49–701, I.C. § 49–703 provides that local authorities may determine and declare a reasonable and safe prima facie speed limit which decreases the limits within any residence, business or urban district. There is testimony within the record that the speed limit within the collision area was 25 miles per hour (Tr. p. 33). Consequently, instruction No. 11 was a correct statement of the law. It reads:

"You are instructed that where no special hazards exist requiring a lower speed the speed of twenty-five miles per hour is a lawful speed within the block and extending one block north and at least two blocks south on either side of the block where the collision occurred.

"Any speed in excess of twenty-five miles per hour is prima facie evidence that the speed is not reasonable or prudent and that it is unlawful.

"By prima facie evidence is meant evidence which suffices for the proof of a particular fact until contradicted and overcome by other evidence."

Appellant contends that instruction No. 11 was phrased so that it only applied to him. He argues that the court should have included all of I.C. § 49–701(a) in its charge so that the statute would have also applied to respondent.

However, instruction No. 11 was correct as far as it went. If appellant wished to have an instruction on I.C. § 49–701(a), he

should have requested it. In the absence of a correct requested instruction, appellant will not be heard to complain. Mendenhall v. MacGregor Triangle Co., 83 Idaho 145, 358 P.2d 860 (1961); Preston v. Schrenk, 77 Idaho 481, 295 P.2d 272 (1956); McCoy v. Krengel, 52 Idaho 626, 17 P.2d 547 (1932).

Appellant assigns error to instruction No. 10 given by the trial court, which reads:

"You are instructed, that it cannot be said that a person is negligent merely because he attempts to cross a street when a vehicle is approaching. If that were so, he never could attempt to cross a street upon which vehicles are being operated, and consequently, where there is almost always an approaching machine. He has a right to expect that those operating vehicles upon a public street will operate them in the manner and at the speed customary at the particular place. Whether a person is negligent in attempting to cross a street in front of an approaching vehicle would depend upon all the circumstances under which he acted."

Appellant properly complains that the instruction had been applied to a pedestrian-vehicle case wherein the pedestrian was attempting to cross a highway. The Idaho case from which the language recited in the above instruction was taken is Adkins v. Zalasky, 59 Idaho 292, 81 P.2d 1090 (1938). Other instructions given by the trial court were 5, 8, 9 and 12 [1].

Instruction No. 10 may be paraphrased to say that the respondent would not nec-

1. INSTRUCTION NO. 5

"When I used the word 'negligence' in these instructions, I mean the failure to do something which a reasonably careful person would do or the doing of something which a reasonably careful person would not do, under circumstances similar to those shown by the evidence. The law does not say how a reasonably careful person would act under those circumstances. That is for you to decide."

INSTRUCTION NO. 8

"You are instructed that Idaho Code Section 49–752 provides as follows: 'Emerging from an alley or private driveway—The driver of a vehicle within a business or residence district emerging from an alley driveway or building shall stop such vehicle immediately prior to driving onto a sidewalk or on the sidewalk area extending across any alley-way or driveway, and upon entering the roadway shall yield the right-of-way to all vehicles approaching on said roadway.

"You are further instructed that a violation of Idaho Code 49–752 which I have just read to you constitutes negligence per se, unless under all the circumstances such conduct was excusable or justifiable and such as might reasonably have been expected from a person of ordinary prudence."

cessarily be negligent in attempting to cross the busy highway designated as U. S. Highway 91 and in doing so was entitled to assume that others using the highway would operate their motor vehicles in a lawful manner and that whether respondent was negligent in so acting would depend upon all the circumstances under which he acted. See Coughran v. Hickox, 82 Idaho 18, 348 P.2d 724 (1960). The vice in the instruction is the argumentative second sentence, which says:

"If that were so, he never could attempt to cross a street upon which vehicles are being operated, and consequently, where there is almost always an approaching machine."

Such argumentative portion of the instruction should not have been given. The balance of the instruction encompasses applicable rules which are normally given by instructions which more fully elucidate the law. However, in view of all of the instructions given and when considered together and as a whole, there was no reversible error committed. See also: In re Eggan's Estate, 86 Idaho 328, 386 P.2d 563 (1963); State ex rel. Rich v. Dunclick, Inc., 77 Idaho 45, 286 P.2d 1112 (1955); Stoddart v. Idaho Concrete Products Co., 76 Idaho 417, 283 P.2d 922 (1955).

Having considered appellant's assignments of error, no reversible error was committed by the trial court.

Judgment affirmed.

Costs to respondent.

KNUDSON, C. J., and McFADDEN, TAYLOR and SMITH, JJ., concur.

INSTRUCTION NO. 9

"The fact that defendant's view of the highway (to his left) was obstructed imposed upon him an additional burden of care, making it imperative that he stop before entering the highway, at a point where he could make an effective observation of the traffic upon the highway, and before he entered the traveled portion of that highway. Defendant's duty to so stop and observe existed regardless of the fact that there may have been no official stop sign so directing."

INSTRUCTION NO. 12

"You are instructed that the driver of a motor vehicle must keep his vehicle under control at all times, considering the actual and potential hazards which requires that he keep a proper lookout; it is not only the duty of the driver to look but it is the duty to see and be aware of that which is plainly visible or obviously apparent, and a failure to so operate a vehicle without proper justification or legal reason shall be a failure to operate a vehicle with reasonable care."